## PATTERSON *v.* KISE and Another,

Although, in a justice's warrant for the apprehension of an offender, the time when the offence is alleged to have been committed be subsequent to the date of the warrant, the constable is justifiable in executing it.

If the defendant, in pleading a warrant in justification of an arrest, aver that he was an acting deputised constable of the county, the word *deputised* may be considered as surplusage; and the plea will be good, though it do not set out the defendant's appointment, nor allege that the warrant was shown to the plaintiff, nor that it was returned.

May Term,
1828.

Patterson
v.
Kise.

Tuesday,
May 6.

Though two offences against the party be charged in the warrant, yet, if the justice has jurisdiction over both, the constable is bound to execute it.

A person acting as a special constable to execute a warrant, is authorised to command assistance in case of opposition.

ERROR to the *Hendricks* Circuit Court.

Scott, J.—To an action of assault and battery, the defendants pleaded a justification under a warrant from a justice of the peace; to which plea there was a demurrer, and judgment for the defendants.

It is objected, 1st, that the warrant set out in the plea shows, on its face, that it was for an offence committed posterior to its date; 2ndly, that there is no averment that the defendant showed the warrant; 3rdly, that it is not shown that the warrant was returned; 4thly, that the plea does not show the appointment of the constable; 5thly, that the warrant purports to be for an affray or assault and battery over which, jointly, the justice had no jurisdiction; 6thly, that the defendant, *Kise*, styles himself an acting deputised constable of the county of *Hendricks*, when our law knows no such officer; and 7thly, that although the plea may be a justification to *Kise*, the constable, yet it is no justification as to *Wilson*, who acted as an assistant.

To the first objection it may be replied, that it was not essential to the validity of the warrant, that the time of committing the offence should be set out. Without such statement, the command of the justice was binding upon the constable. The statement of an impossible time is therefore to be regarded as redundant. See 5 Bac. Abr. 415. But were it necessary that the day of the offence should be expressly stated, a constable has no power to judge in such cases: he was commanded to arrest the offender and bring him before the justice, and he was bound to obey that command. See 6 Bac. Abr. p. 166.—Cro. James, p. 280. To the second objection, it is necessary only to reply that the defendant, *Kise*, states that he was an acting constable of the county of *Hendricks*. The word *deputised* is redundant and may be rejected. As he was an acting constable of the county, with a justice's warrant in his hand, all persons were bound to recognize him as an officer and obey him accordingly. This, also, is an answer to the fourth and sixth objections to the plea. The third

point has the sanction of some authorities. It was formerly held, that, where an officer justifies under a process which is returnable, he must show that it has been duly returned; but the later decisions do not require a return, and we think they are more consistent with justice, and founded on better reason. See *Bealls* v. *Guernsey*, 8 Johns. R. 52, and the authorities there cited. The fifth objection is obviated by a reference to the statute, R. C. 1824, p. 236, where jurisdiction is expressly given to justices of the peace, of assaults and batteries, and affrays, &c.; and two offences being named in the warrant, could not justify the constable in disobeying the command of the justice, who had jurisdiction of both or either of them. If we can understand any thing by the seventh objection, it is the idea of the plaintiff's counsel that the defendant, *Kise*, was acting as a special constable for that particular occasion, and that in that capacity he had no power to command assistance in case of opposition. The contrary doctrine, we think, is clearly deducible from our statutes. R. C. 1824, pp. 82, 246; and is also settled by various decisions. See 1 Litt. R. 268.—2 Litt. R. 367. —8 Johns. R. 54.

*Per Curiam.*—The judgment is affirmed with costs.

*Brown* and *Gregg*, for the plaintiff.

*Fletcher*, for the defendants.