IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1830, IN THE FOURTEENTH YEAR
OF THE STATE.

---

### Cooper v. Adams and Another, in Error.

Monday,
May 3. TO an action for false imprisonment against a justice of the
peace and a constable, the defendants pleaded in justification,
that an affidavit had been made before the justice, charging
the plaintiff with having violently assaulted, *beaten*, and wound-
ed the deponent, wherefore the justice had issued his warrant,
&c. *Held*, that the plea was not objectionable, after a verdict
in favour of the defendants, for not showing that the assault and
battery were charged to have been *unlawfully* made.

The arresting of an offender, and the re-taking of him on
fresh pursuit after an escape, constitute but one effective ar-
rest.

The warrant of a justice of the peace, on a charge of an as-
sault and battery, commenced as follows: "The state of *Indiana*,
*Allen* county, ss: To *William Brown*, constable of *Adams* town-
ship, greeting:" *Held*, that no objection could be made to the
warrant, on account of its not repeating, in the mandatory part
of it, the name of the state.

A person arrested on a justice's warrant for a breach of the
peace, cannot maintain an action of false imprisonment against

the justice or constable, in consequence of a mere informality in the warrant; provided the justice have jurisdiction.

It is always presumed by this Court, that all the evidence necessary to sustain the verdict was given to the jury, unless the contrary be shown by the record.