May Term,
1837.

DAVIS *v.* BUSH.

*It is not necessary to a constable's justification of an arrest, under a capias ad respondendum issued by a justice, that the writ be preceded by an affidavit. Aliter, if the justification be by the party or by the justice.*

*When an officer justifies an arrest under process which he is bound to return,—the return-day being past,—the plea must allege a return.*

*If to a declaration in trespass containing several counts, the introductory part of a plea in justification be confined to the first count, and an attempt be made in the body and conclusion of the plea to embrace the whole declaration,—the plea is bad.*

*Thursday,
September 7.*

ERROR to the *Tippecanoe* Circuit Court.—The plaintiff in error was the plaintiff below; the demurrer to the special plea was overruled; and the judgment was for the defendant.

DEWEY, J.—This is an action of assault and battery and false imprisonment. The declaration contains three counts. Pleas, general issue, and justification, as a constable, under a *capias ad respondendum* issuing from a justice of the peace. Demurrer to the special plea, assigning for cause,—1st, The plea does not show that an affidavit was filed before issuing the writ, nor does the writ recite one; 2dly, It does not allege how long the plaintiff was detained; and, 3dly, It is not averred that the constable carried the plaintiff before the justice, or that he returned the writ.

The points actually arising under the demurrer, resolve themselves into two—the necessity of averring the existence of an affidavit before issuing the writ; and the return of the process.

The *capias* set out in the plea agrees, in substance, with the form prescribed by the statute. Rev. Co. 1831, p. 321. It recites a cause of action within the jurisdiction of the justice, and bears upon its face legal authority for the constable to act under it. He was not bound to look beyond it, and inquire whether it was preceded by an affidavit or not. Its precept was obligatory upon him, and must constitute his defence, provided his duty has been discharged. Had the action for false imprisonment been against the justice himself, or the plaintiff in the process had been sued, the rule would have been different. They could not justify without showing an affidavit as well as a writ; and, probably, the latter would be bound to show a cause of action.

May Term,
1837.

The objection that the return of the writ is not set forth, is fatal to the plea. When an officer justifies under process, which he is bound to return—the return-day being past—he must allege his return in his plea. To make a return is as much his duty, as obedience to any other mandate in the writ. Without it his justification is not complete, and he is a trespasser *ab initio.* A distinction has been taken between *mesne* and *final* process,—the first being considered as returnable, the other not. Whether this distinction as to the returnable character of these two kinds of process, exists under our statute, it is not necessary now to decide. The *capias ad respondendum* relied upon, on the present occasion, is returnable process, and the plea is bad for not averring its return. *Hoe's* Case, 5 Co. 90.—*Freeman* v. *Blewett*, 1 Ld. Raym. 632.— Willes, 33 and *n.—Middleton* v. *Price*, 2 Str. 1184.—*Rowland* v. *Veale*, Cowp. 18.—*Cheasley* v. *Barnes*, 10 East, 73.—*Shorland* v. *Govett*, 5 B. & C. 485. We are aware that this point was differently decided by this Court, in the case of *Patterson* v. *Kise*, 2 Blackf. 127. On a review of the authorities, we have become satisfied it is our duty to revise that decision, so far as the point in question is concerned.

There is a defect in the plea in the case before us, not adverted to in the demurrer. It is this, the introductory part of the plea is confined to the first count; but in the body and conclusion, an attempt is made to embrace the whole declaration.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded with leave to the defendant to amend his special plea, &c.

*R. A. Lockwood,* for the plaintiff.
*A. S. White,* for the defendant.