Dewey, J.
This was an action of debt commenced by Farley against Webster, a constable, for the voluntary escape of one Perryman, whom Webster had arrested on a ca. sa. in favour of Farley. The declaration is in the usual form. The parties submitted an agreed ease to the Court below. The facts are substantially these, viz.: Farley had obtained a judgment against Perryman before a justice of the peace; a ji. fa. issued which was returned “ no property found; ” whereupon a ca. sa. was sued out, the style of which was “ State of Indiana, Henry county, ss.” This latter execution at the commencement of the *174 writ, without repeating the name of the State, was directed to Webster as a constable, and placed in his hands; and he arrested Perryman upon it. Perryman, upon his request, (the plaintiff having notice), was taken by Webster to a justice of the peace, before whom he made and subscribed a written statement, which, after reciting his arrest, and expressing his purpose of discharging himself therefrom, alleged that he then delivered to the constable “a schedule of all his property subject to execution.” The schedule contained an undivided half of a quarter section of land in Illinois, and one-half of a Durham calf in the possession of the other half owner in Missouri. Perry-man then made and subscribed an affidavit before the justice, that he had no more or other property real or personal subject to execution, than that contained in the schedule; and that he had no moneys, rights, credits, or effects in his possession, or under his control, or in the possession or under the control of any other person for his use; and that he had not, directly or indirectly, disposed of, transferred, or concealed any of his property,, rights, credits, moneys, or effects, with intent to defraud his creditors. The constable thereupon discharged Perryman from arrest, and made the following return of the ca. sa.: “I have executed the within as commanded, by *taking the body of the within Thomas H. Perryman before Abraham Elliott, a justice of the peace within said county; and the said Perryman discharged himself from my custody by giving up the following property, to wit, the undivided half of one hundred and sixty acres of land in McLean county, Illinois, and also one-half of a Durham calf, in the possession of-, in Boone county, Missouri, and making oath that they were all the property he had subject to execution.”
The Circuit Court adjudged the law to be for the plaintiff, and rendered judgment in his favour for the amount due on the execution.
The validity of the judgment is questioned on two grounds, 1, That the ca. sa., by virtue of which the defendant made the arrest, not running in the style required by the constitution, *175 was void, and did not authorize the arrest and detention of the execution-debtor; 2, That under the execution law, the debtor entitled himself to a discharge from custody, by surrendering his property to the constable, and taking the requisite oath.
With regard to the first point. The constitution requires the style of all process to be “ The State of Indiana.” Art. 5, sec. 11. This Court has heretofore held, that process commencing, “ The State of Indiana,” was sufficient, without repeating the name of the State in the mandatory part of it. Cooper v. Adams et al., 2 Blackf., 294. The execution before us commences “State of Indiana.” We consider this a substantial compliance with the constitution. It means precisely the same as the The State of Indiana. Besides, it is worthy of remark that every form of process, prescribed by the Legislature for justices of the peace, begins, “State of Indiana.” These forms have been long in use; to pronounce all process conformable to them void, would be attended by pernicious consequences.
The second point is equally untenable. The law subjecting real and personal estate to execution contemplates three cases, in which a debtor arrested on execution may discharge himself from custody. The first is, when he delivers to the officer making the arrest property sufficient to satisfy the writ; the second, by surrendering to the officer all his property, swearing he has no other subject to execution, and taking a further oath similar to that set out in the agreed *ease; the third instance is, when he shall swear that he has no property whatever subject to execution, and take the additional oath as in the second case. R. Stat., 1838, p. 282.
We do not think, the debtor, Ferryman, brought himself within-any of these provisions. The two first evidently contemplate the actual delivery of property to the officer; and the last, that the debtor shall make oath he has none subject to execution. Perryman did not deliver property to the constable , he delivered only a schedule; and he, did not swear that he was destitute of property. We are aware that this construction of the statute will exclude-from its benefits an arrested *176 debtor, who may have property without the limits of the State, or otherwise beyond the' reach of an execution; and such we believe was the intention of the Legislature. We understand the phrase, “property subject to execution,” as used in the statute, to mean those goods which the act does not exempt from seizure; we do not understand it to mean property which is beyond the bailiwick of the officer, or which from its character can not be seized on execution.
J. T. Elliott, for the appellant.
J. 8. Neioman, for the appellee.
There is another feature presented by the agreed case, which renders it very doubtful whether' the defendant’s justification is made out, even admitting Perryman had entitled himself to a discharge from custody. It is the duty of the magistrate, before ydiom'the debtor makes his oath, to reduce it to writing, cause the debtor to sign it, and hand it over to the officer, who is required to make it a part of his return, and append it to the writ. R. Stat., 1838, p. 282. This was not done in the present case. The oath which the constable did return was only a part of that taken by the debtor; and it does not appear to have been appended to the writ.(1)
Per Curiam.—The judgment is affirmed, with onecer cent. damages and costs.

 Imprisonment for debt is now abolished in this State, except in cases of fraud, &c. Stat., 1842, p. 68.