Dewey, J.
This was a prosecution for refusing to aid a constable in the service of process. The indictment alleges that a justice’s warrant was duly issued, directed to a certain constable, who was thereby commanded to arrest a certain person; that the process was placed in the constable’s hands, and that by virtue thereof he arrested the person therein named, and had him in legal custody; that the person so .arrested *296 attempted to escape; that the defendant was present, upon whom the constable “ called to assist him in the execution of his said office of constable as aforesaid, to prevent the said Joshua Harris (the person arrested) from escaping from the custody of him, the said constable, under the said warrant;” and that the defendant, “without showing or having any sufficient cause for not obeying the said requirement of the said constable, did, then and there, obstinately and Unlawfully refuse,” &c., whereby the person arrested escaped, &e. 'The Court, on the motion of the defendant, quashed the indictment.
H. O’Neal, for the State.
J. M. Johnston, for the defendant.
The decision of the Circuit Court is attempted to be defended, on the ground that it is not indictable to refuse to aid a constable in the execution of his office.
We do not think this position can be sustained. By an act respecting the appointment and duty of constables, it is provided that, “in discharging their duty in any respect whatever, constables may call to their aid the power of the county, or such assistance as may be necessary.” R. S., 1838, p. 145. By another statute, it is enacted that “ any person or persons called upon by any sheriff, or other officer, to assist in the execution of his office, and failing to obey when so called, shall, unless he shows sufficient cause for not obeying, be fined on indictment/' &c. R. S., 1838, p. 566. The expression, “other officers/' includes constables. It is, therefore, criminal to refuse to aid them, on their request, in the due execution of their office, unless the person called upon for aid can show a sufficient excuse for his disobedience.
The indictment in the record, however, is defective. Indictments of this kind should show that the person refusing assistance to the constable, was informed of his official character; otherwise the indictment is insufficient. 2 Chitt. C. L., 145, n. Id., 151, 2. This knowledge is not averred in the present instance; and the indictment was correctly quashed.
Per Curiam.—The judgment is affirmed.