## W. E. Malone *v.* H. D. McLaurin and others.

1. TENANT BY COURTESY.—To create a tenancy by courtesy there must exist marriage, birth of issue, death of the wife, and seisin in fact by the wife during coverture.
2. TENANT BY COURTESY—SEISIN OF THE WIFE.—At common law the wife must have actual possession of the land during coverture to create a tenancy by courtesy. This rule is so far relaxed that, in case of wild and uncultivated lands, or where the parties in possession stand in the relation of tenants, either at sufferance or for a term of years, constructive seisin of the wife, without actual possession, will have the effect to invest the husband with his tenancy by courtesy.
3. TENANCY BY COURTESY OF ESTATES IN REVERSION AND REMAINDER.—Where the interest of the wife is an estate in reversion or remainder, expectant upon an estate of freehold, the husband is not vested with the tenancy by courtesy, unless the particular estate is ended during the coverture. Where the reversion or remainder is expectant upon an estate less than freehold, the right of courtesy accrues. 24 Miss. 261; 26 Miss. 579; 4 Kent's Com. (29).

ERROR to Probate Court of Kemper county. Hon. W. W. Chisolmn, judge.

*R. G. Rives*, for plaintiff in error, contended,

1. That the possession of the tenant for life, was the possession of the remainderman.   4 Kent's Com. 254.

2. That at common law, seisin in fact of the wife was necessary to create a tenancy by the courtesy.   The reason of the rule originated from the necessity of livery of seisin to pass a freehold.   The rule, the reason ceasing, does not exist under our law.   24 Miss. 276; 26 Miss. 582.

*R. C. Farrar*, for defendant in error, cited 1 Roper's Husband and Wife, 4, 8, 28, 30, 349; 4 Kent's Com. 28, 36.

ELLETT, J., delivered the opinion of the court.

The plaintiff in error presented a petition to the probate judge of Kemper county, under the eighth section of the thirty-sixth chapter of the Revised Code, relating to the position of lands among joint-tenants, etc., praying the appointment of commissioners to make partition of the land therein described. The petition stated that John McLaurin died March 16, 1856, leaving a will whereby he bequeathed the land in question to his wife, Margaret, for her natural life, and after her death to be equally divided among his six children, one of whom at the date of his will, and at the death of the testator, was the wife of the petitioner.   That petitioner's wife, early in 1857, gave birth to a child, who lived but a few days, and that the mother died soon after, and that the said Margaret, the devisee of the estate for life, died in May, 1861.   Petitioner claims one-sixth of the land for his own life, as tenant by the courtesy.

The other parties in interest appeared before the judge of probate and filed a demurrer to the petition, which was sustained by the judge, and the petition dismissed, from which decision the petitioner prosecutes this appeal.

Three things necessary to create a tenancy by the courtesy exist in this case: marriage, the birth of issue, and the death of

Malone v. McLaurin and others.

the wife. The only question is whether the wife had, at any time during coverture, such a seisin as would entitle the husband to his courtesy. By the common law, a seisin in law was not sufficient; but a seisin in fact, that is, an actual possession, was required. This rule has been so far relaxed that a seisin in fact is not always necessary; but a constructive seisin will, in some cases, have the effect to invest the husband with his estate by the courtesy, without an actual entry. Where the possession is vacant, as in the case of wild or uncultivated land, or where the parties in possession stand in the relation of tenants, either at sufferance or for a term of years, the right of courtesy attaches. The present right draws to it the possession, where the land is not held adversely; and the possession of the lessee for years is deemed the possession of the wife as reversioner. *Day* v. *Cochran*, 24 Miss. 261; *Rabb* v. *Griffin*, 26 Miss. 579; 4 Kent's Com. (29).

In this case the interest of the wife was a vested remainder in fee, expectant upon a life estate in the widow of the testator. She died before the determination of the life estate, and therefore never acquired any right to the actual possession and enjoyment of the estate. In such a case the rule is clearly stated by Chancellor Kent: " But if there be any outstanding estate for life, the husband cannot be tenant by the courtesy of the wife's estate in remainder or reversion, unless the particular estate be ended during the coverture." 4 Kent (29). To the same point is the case of *Gentry* v. *Wagstaff*, 3 Dev. N. C. R. 270. Sir William Blackstone says: " A man shall not be tenant by the courtesy of a remainder or reversion." 2 Black. 127. But this proposition is restricted by the later authorities to cases of remainders or reversions expectant upon estates of freehold; and upon a reversion expectant upon an estate for years, the right of courtesy and dower both accrue, for the reason that the possession of the tenant for years constitutes a legal seisin of the freehold in reversion. *Stoughton* v. *Leigh*, 1 Taunton, 410; *De Gray* v. *Richardson*, 3 Atkins, 470; *Goodtitle* v. *Newman*, 3 Wilson, 521.

The wife of petitioner not having been seized of the land in

such manner as to give rise to the courtesy, it follows that the decision of the probate judge was correct, and must be affirmed.