CALDWELL *v.* KENWORTHY and Another.

PLEADING.—*Justification.—Officer.*—An answer justifying an arrest made by the defendant as sheriff, by virtue of a *capias ad respondendum* issued from the office of the clerk of the court of common pleas, need not state that an affidavit was filed before the writ issued; but if the return day be past, the answer must show a return.

APPEAL from the Boone Circuit Court.

RAY, J.—Suit by the appellant against the appellees for assault and battery and false imprisonment.

The only question presented in this court is upon the action of the circuit court in overruling a demurrer to the special answer of Kenworthy, who justified as to the arrest of appellant, as sheriff, by virtue of a *capias ad respondendum* issued from the office of the clerk of the Court of Common Pleas of Boone county, and alleging, that in making said arrest under said writ he did nothing more than is usual and lawful to do in the service of such process, and denying the assault, &c. A copy of the writ is set forth, but contains no copy of a return, although the return day was past. It is urged, that the answer is defective in not stating that an affidavit had been filed before the writ issued; but it was held, in *Davis* v. *Bush,* 4 Blackf. 330, that where the writ recites a cause of action within the jurisdiction of the court, the officer is not bound to look beyond it and inquire whether it was preceded by an affidavit or not. Its precept is obligatory upon him and must constitute his defense, provided his duty has been discharged. It was held, however, that the officer must allege his return in the plea, the return day being past. Without it, his justification is not complete, and he is a trespasser *ab initio.*

The answer was defective in not making this averment, and the writ as set out showing no return, the demurrer should have been sustained.

Judgment reversed, and cause remanded, with direction

to sustain the demurrer to the second paragraph of the answer of Kenworthy. Costs here.

*M. M. Ray, J. W. Gordon,* and *W. March,* for appellant.

*C. S. Wesner,* for appellees.