## GOODWINE *v.* STEPHENS.

FALSE IMPRISONMENT.—*Defence.*—*Pleading.*—*Affidavit Charging Trespass.* —*Arrest by Constable, on Warrant.*—*Posse Comitatus.*—In an action for damages for false imprisonment, the defendant answered, alleging that the grievance complained of had been committed by him whilst assisting a constable, on being required so to do by the latter, in arresting the defendant on a warrant issued to such constable, by a justice of the peace having jurisdiction, on an affidavit made by the defendant charging the plaintiff with having, " on or about," etc., " at," etc., " committed a malicious trespass, by entering on the premises of " the defendant and "pulling off and taking away" rent corn belonging to the place ; which warrant commanded the arrest of the plaintiff "to answer a charge of having, at," etc., " on or about," etc., " committed a trespass, as" the defendant " has complained on oath."

*Held*, on demurrer, that, looking to the affidavit and warrant, neither is void, though informal and erroneous, and that the answer is sufficient.

*Held*, also, that, under the affidavit, a warrant for simple trespass may have been intended to be issued.

*Held*, also, that, under the warrant, upon the call of the constable, the defendant was justified in assisting to make the arrest.

From the Fountain Circuit Court.

*G. McWilliams* and *J. Ristine*, for appellant.

*W. A. Tipton* and *J. McCabe*, for appellee.

PERKINS, J.—Complaint for false imprisonment.

The defendant answered in four paragraphs :—

1. General denial.

" 2. That, on the 9th day of February, 1875, the said plaintiff and George Conner, Francis Seals, William Malbie, David Pickerell, Frank Seals, John Records, John Stephens, Squire Stephens, and William Thompson, at the county of Warren and State of Indiana, were engaged in the commission of a trespass upon the property of the defendant; and that, on that day, before George Pence, an acting justice of the peace of said county, said defendant filed an affidavit charging said plaintiff and said other parties, above named, with trespass; and, upon the filing thereof, said justice issued his warrant, in due form of law, under his hand and seal, said justice then and there being competent and having full jurisdiction of said offence, a copy of which said warrant is filed herewith and made a part hereof, marked ' A,' and which said warrant was directed to any constable of Warren county, commanding the arrest of said plaintiff and the other parties therein named, and that they be brought before said justice for examination at his office, and delivered said warrant to William F. Evans, an acting constable of said township of Jordan, in said county of Warren, who was duly qualified as such constable ; and said Evans received said warrant, and proceeded in the execution thereof, by arresting the plaintiff and the

other parties therein named; and the said Evans then and there commanded the defendant to assist him in making said arrest; and defendant says, that, in obedience to said requirement of said Evans, and by virtue of said warrant, he aided in the arrest of said plaintiff, and the other parties therein named, using no more force than was necessary to make said arrest and convey said plaintiff and the said other parties before the said justice; and that this is the identical imprisonment mentioned in said complaint and no other; and wherefore he says the plaintiff ought not to recover in this action, and he demands judgment for costs.

" 3.   That, on the 9th day of February, 1875, and on divers other days before that time, the plaintiff and others were engaged in pulling off and carrying away corn growing on the stalk on the land of this defendant, in Warren county, Indiana, and owned by this defendant, of the value of $50.00; and that, while in the commission of said offence, William F. Evans, a constable of the township of Jordan, in the county of Warren, proceeded to arrest them therefor, and called upon this defendant to assist him in making said arrest; and defendant says, that, in obedience to the command of said constable, this defendant aided in the arrest of said plaintiff and others with him, and used no more force than was necessary in making said arrest and conveying the said plaintiff and other parties before George Pence, an acting justice of the peace of said county; and defendant says that this is the identical matter complained of in said complaint and no other; and wherefore the defendant demands judgment for costs.

" 4.   That, on the 9th day of February, 1875, and on divers other days before that time, the plaintiff and others were engaged in pulling off and carrying away corn growing on the stalk on the land of this defendant, and owned by this defendant, of the value of $50.00; and that the de-

Goodwine v. Stephens.

fendant filed before George Pence, a justice of the peace of Warren county, Indiana, an affidavit on said day, charging the plaintiff with the commission of said offence, a copy of which affidavit is filed herewith, marked ' A,' and made a part hereof; and upon the filing thereof said justice issued a warrant, under his hand and seal, said justice being competent and having full jurisdiction of said offence, a copy of which said warrant is filed herewith, and made a part hereof, marked ' B,' and which said warrant was placed in the hands of William F. Evans, an acting constable of Warren county, Indiana, and said Evans then proceeded to take the plaintiff into custody upon the same, and made his arrest, and then and there commanded this defendant to assist him therein; and defendant says, that, in obedience to the command of said constable, he acted in the arrest of said plaintiff and the other parties named in said warrant, using no more force than was necessary to make said arrest and convey said plaintiff and the other parties before the said justice ; and that this is the same identical imprisonment, mentioned in the said complaint, and no other; and wherefore defendant demands judgment for costs."

The following are copies of the affidavit and warrant referred to in the answer :

" James M. Goodwine swears, that, on or about the 5th day, inclusive to the 9th day, of February, 1875, in said county, as affiant verily believes, George Conner, Francis Seals, George Stephens, S. Dukes, Squire Stephens, William Malbie, David Pickerel, Frank Seals and William Stephens, John Record and John Stephens, and William Thompson, have committed a malicious trespass by entering on the premises of said affiant, and persisted in pulling off and taking away the rent corn that belongs to the place, as affiant verily believes.

" JAMES M. GOODWINE."

"Subscribed and sworn to before me, this 9th day of February, 1875. GEORGE PENCE, J. P."

" State of Indiana, Warren county, ss.

" To any constable of Warren county :

" You are hereby commanded to arrest George Conner, Frank Seals, George Stephens, S. Dukes, Squire Stephens, William Malbie, Daniel Pritchard, Frank Seals, William Stephens, John Record, John Stephens and William Thompson, and bring them forthwith before me, at my office, in Jordan township, to answer a charge of having, at said county, on or about the fifth day, to the ninth day, of February, 1875, committed a trespass, as James M. Goodwine has complained on oath, and have you then and there this writ.

" Given under my hand and seal, this 9th day of February, 1875. GEORGE PENCE. [SEAL.]"

A demurrer was sustained to the second, third and fourth paragraphs of answer severally, and exceptions entered.

Trial by jury, upon the general denial. Verdict for the plaintiff for four hundred and fifty dollars. Motion for a new trial overruled, and judgment on the verdict.

The reasons assigned for a new trial were :

1. Excessive damages ;

2. Verdict contrary to law ;

3. Verdict contrary to evidence ;

4. Error of the court in instructing the jury, that no circumstances could be shown in mitigation of damages ;

5. Error of the court in refusing specified evidence in mitigation.

The errors assigned in this court are :

1. The sustaining of the several demurrers to the several paragraphs of defendant's answer ;

2. The overruling of the motion for a new trial.

We may observe that we have no brief from the appel-

lee, informing us of the grounds upon which the rulings below were made.

In determining the sufficiency of the second and fourth paragraphs of answer to severally withstand a demurrer, we look only, in this case, to the warrant and the action under it. *Davis* v. *Bush*, 4 Blackf. 330; *Caldwell* v. *Kenworthy*, 31 Ind. 238.

It may properly be observed, however, that the affidavit was not a nullity, nor void.

The second and fourth paragraphs justify as to the constable, on account of his acting under a warrant, and as to the appellant, on account of his acting in obedience to the command of the constable.

That the warrant might be a protection to the constable, it was necessary that it should be a valid, though it might be an informal and erroneous, one. *Cooper* v. *Adams*, 2 Blackf. 294; *Webster* v. *Farley*, 6 Blackf. 163.

The warrant in the case at bar commanded the constable to arrest for a trespass, and the arrest was made under the warrant.

We have two sections of a statute providing for the punishment of trespass. Section 13 of the misdemeanor act enacts, that every person who shall maliciously injure any property of another shall be deemed guilty of a malicious trespass, and, on conviction, shall be fined, and may be imprisoned, etc.; and section 14 of the same act provides, that every person who shall, without license, cut down or remove any tree, etc., or other valuable article, shall be deemed guilty of a trespass, and, on conviction, shall be fined, and may be imprisoned.

Under the affidavit in this case, a warrant for simple trespass might well have been intended to be issued. The affidavit would have justified a warrant for such trespass. Perhaps it would have justified one under section 13. See *Cooper* v. *Adams*, *supra*, and the other authority there cited. See *The State* v. *Shaw*, 4 Ind. 428.

The warrant, then, being valid, it authorized the constable to make the arrest; and, as it authorized him to make the arrest, it authorized him to call upon persons to assist him in making it; and it was the duty of the person or persons so called upon to obey the call. 2 R. S. 1876, p. 651, sec. 6; *The State* v. *Deniston,* 6 Blackf. 277.

And section 45 of the misdemeanor act enacts :.

" Every person required by any sheriff or his deputy, or by any coroner, constable, or any conservator of the peace, to assist him in the execution of his office, or in the service of any process, and failing to obey, shall, upon conviction, be fined in any sum not exceeding one hundred dollars, unless he show a valid cause for not obeying." See 2 Addison Torts, 702.

The like power to command the aid of citizens in making arrests is conferred upon sheriffs and judges. 2 R. S. 1876, pp. 8, 18.

The second and fourth paragraphs were good, and the court erred in sustaining the demurrers to them.

The third paragraph of answer alleges an arrest without warrant.

Among the duties of a constable are these :

" To act as conservator of the peace, and apprehend and take, forthwith, before the nearest justice, all who violate the law in his presence, and then charge them with such violation on oath." 2 R. S. 1876, p. 649.

The second paragraph alleges an arrest of appellee for an offence at the time of its commission, in the presence of the officer, and would have been good if it had charged that the prisoner was taken before the nearest justice. We do not decide, as it is not necessary to the determination of this cause that we should, that it is not sufficient as it is.

The fact, that the warrant in this prosecution was issued upon the affidavit of the appellant, does not affect the case.

.The affidavit is not charged to have been maliciously made. The suit is not for making the affidavit, but for the .arrest of the appellee. See *Carey* v. *Sheets*, 60 Ind. 17.

Had the affidavit been made to procure a writ for arrest ·in a civil cause, it might be different. But it was simply a charge of a misdemeanor, duly made and left with a proper magistrate, upon which he judicially acted as, in his judgment, the law required him to act.

In Bigelow's Leading Cases on Torts, p. 280, in treating of false imprisonment, it is laid down that:

" In criminal cases the party who prefers the charge is not liable unless it is made maliciously * * ; for the law encourages the exposure of crime. But if a person procure the arrest of another in a civil cause, a proceeding for his own benefit, and not for that of the public, and which he himself conducts, he acts at his peril if the process be irregular." But on this point we decide nothing See 2 Addison Torts, p. 718. On page 749 of the same volume, we find the following :

" It has been held, that if a person goes and lays his complaint of the loss of his property before a magistrate, and tells him of its having been taken or appropriated by the plaintiff, the complaining party is not responsible for what the magistrate may think fit to do upon the strength of this information. If, therefore, the magistrate, acting upon the statement or deposition *bona fide* given, treats the matter as a felony, and issues his warrant for the apprehension of the plaintiff on the charge of felony, and in so doing forms an erroneous judgment, and conceives that to be a felony which is not a felony but only matter for a civil action, the complaining person, who has thus set the magistrate in motion and caused the warrant to be issued, is not responsible for the erroneous judgment of the magistrate, and the acts consequent thereon."

Many authorities are cited to the law as thus laid down.

The judgment is reversed, with costs; cause remanded for further proceedings, in accordance with this opinion.