Gall *et al. v.* Fryberger.

---

No. 8268.

GALL ET AL. *v.* FRYBERGER.

MARRIED WOMAN.—*Judgment.*—*Collateral Attack.*—Where, in an action to foreclose a mortgage, it appears in the complaint that one of the defendants is a married woman, it is error to permit a personal judgment to be taken against her; but such judgment is not void, nor can it be collaterally attacked.

JUDGMENT.—*Debt not Due.*—A personal judgment rendered for a debt not due is clearly erroneous, but not absolutely void.

QUERY.—Whether it has not sufficient legal force to withstand collateral attack.

SHERIFF.—*Execution, When Justifies Levy.*—An execution addressed to a sheriff, in all respects regular, reciting a judgment recovered in a court of record having jurisdiction, justifies the sheriff in seizing the property of the judgment debtor subject to execution, for the purpose of satisfying the judgment and costs.

:SAME.—It is lawful for a sheriff to levy upon the personal property of a married woman by virtue of an execution, in all respects regular, issued upon a personal judgment rendered against her; and in an action by her against the sheriff, to replevy property so levied, where no demand is alleged or proved, and in the absence of any showing that the property was unlawfully detained by him, she can not recover.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellants.

MORRIS, C.—This is an action of replevin, brought by the :appellants to recover a quantity of wheat, corn and flax, .growing upon the land of the appellant Sarah E. Gall, alleged .to have been wrongfully taken and levied upon by the appellee.

The appellee answered by general denial. The issue was :submitted to the court for trial. Finding for the appellee. 'The appellants moved the court in writing for a new trial, ·on the ground that the evidence did not sustain the finding. The motion was overruled, and judgment for the appellee. The evidence is contained in a bill of exceptions.

The overruling of the motion for a new trial is assigned for error.

It appears from the evidence, that George Gall sold and ·conveyed eighty acres of land, situate in Hamilton · county, ·to the appellant Sarah E. Gall ; that she and her husband, .Amos Gall, executed their five notes to said George Gall for :a part of the purchase-money, and a mortgage on the land ·to secure the same ; the notes and mortgage bear date April 1st, 1876, and amount to $2,125 ; in September, 1879, a part of the notes having matured, George Gall commenced .a suit in the Hamilton Circuit Court to foreclose the mortgage ; the complaint was in the usual form, copies of all the notes and the mortgage being filed with and made part of it. It appeared from the complaint that Sarah E. Gall was a married woman at the time she executed the notes and mortgage ; the appellants were duly served with process in the, foreclosure suit ; they made default, and the cause was submitted to the court for trial.

The court found that there was then due George Gall, on the notes and mortgage, the sum of $1,269.83; that there would become due to him $651 April 1st, 1879, and the further sum of $423 on the 1st day of April, 1880. The court also found that the mortgaged premises were not susceptible of division without injury to the parties in interest.

Upon this finding the court rendered judgment in favor of George Gall, against the appellants, for $1,269.83, the sum then due; also, for the sum of $651, to become due April 1st, 1879, and for the further sum of $423, to become due April 1st, 1880. It was provided in the judgment, that if the last two sums were not paid or replevied when and as they became due, execution should issue therefor.

The court also decreed a foreclosure of the mortgage, providing in the decree that the proceeds of the mortgaged premises, which were ordered to be sold, should be applied to the payment of the costs, and the several sums adjudged to the plaintiff, in the order in which they should become due, and that the surplus, if any, should be paid to the said Sarah E. Gall. It also provided that in case of the payment of the $1,269.83, found to be due, without sale of the mortgaged premises, then, upon the judgment for $651 becoming due, said premises should be sold, as provided for its sale on the first sum found due, and the same provision was made as to the judgment for $423. It was also provided that any balance that should remain unpaid after the sale of said mortgaged land should be levied generally of the property of the appellants, Sarah E. and Amos Gall.

A copy of this decree and order of sale was duly issued to the sheriff of said county, by virtue of which said mortgaged premises were duly sold to the said George Gall for $1,336.94, the amount of the sum adjudged to be due him, and costs. This sale was made on the 25th day of January, 1879.

The second instalment of $651, adjudged to become due April 1st, 1879, not having been paid, the said George Gall

caused an execution to be issued on the judgment rendered therefor, which was delivered to the appellee, as sheriff of said county, by virtue of which he seized and levied upon the wheat, corn and flax described in the complaint of the appellant, growing upon the land embraced in the mortgage executed by the appellants to the said George Gall, and sold to him by the sheriff as above stated. The execution thus levied upon the growing crop of the appellant Sarah E., and of which she complains, was duly issued under the seal of the court, and directed to the appellee as sheriff of the county, commanding him, that of goods and chattels, land and tenements of the appellants, he cause to be made the sum of $651, and interest and costs. It recited that, "Whereas George Gall recovered a judgment against Sarah E. Gall and Amos Gall on the 10th day of December, 1878, in the Hamilton Circuit Court, for $651 and costs, with interest at six per cent. from the 1st day of April, 1879, and $2.25 costs, accrued at this time, all without relief from appraisement laws." Then follows the command to levy the same, etc. The writ is dated June the 11th, 1879.

Upon these facts the appellants insist:

First. That the personal judgment in the foreclosure proceeding against Sarah E. Gall, a married woman, is void;

Secondly. That, in a suit to foreclose a mortgage against a married woman, no judgment can be rendered against her so as in any way to affect her separate property not embraced in the mortgage;

Thirdly. That in a foreclosure suit, no judgment can be rendered for an instalment of the debt, secured by the mortgage, not then due.

It may be admitted, that where it appears upon the face of the complaint, as it did in the foreclosure suit involved in this case, that one of the defendants is a married woman, it is error to take a personal judgment against her. But such a judgment is not void, nor can it be questioned in col-

lateral proceedings, as it is sought to be done in this case. *Emmett* v. *Yandes,* 60 Ind. 548 ; *Hinsey* v. *Feeley,* 62 Ind. 85. The error in the foreclosure proceedings, if there is any, may be corrected by proceedings to revise the same.

It was held in the case of *Allen* v. *Parker,* 11 Ind. 504, that a judgment in a foreclosure suit, where several instalments were secured by the mortgage, sought to be foreclosed, for the amount of the notes due and to become due, was not erroneous if otherwise in conformity to law. But this case is overruled by the subsequent case of *Skelton* v. *Ward,* 51 Ind. 46. In this case it is held that no personal judgment can be rendered in a suit to foreclose a mortgage for instalments not due at the time the judgment is rendered. The court says : "We can not regard the judgment in question, so far as it relates to the instalments or notes not due at the time the judgment was rendered, as a judgment on which an execution can legally issue to be made of the property generally of the judgment defendant." Again, the court says : "A personal judgment can not legally be rendered for a debt which is not due."

We apprehend that a judgment rendered for a debt not due is not void. It is clearly erroneous, but, until reversed or set aside, it has sufficient legal force to withstand all collateral attacks. If so, it would not be subject to the objections urged by the appellants. It is not, however, necessary to discuss or decide this question, as the judgment must be affirmed on other grounds.

The appellee, as sheriff of Hamilton county, by virtue of an execution addressed to him as such sheriff, in all respects regular, reciting a judgment for a certain sum, recovered in a court having jurisdiction, levied upon and held the property in dispute. The writ, by virtue of which he held the property, disclosed none of the defects insisted upon by the appellants. It was in every respect regular, and recited a valid judgment. It justified the sheriff in seizing the prop-

erty of the appellants, subject to execution, for the purpose of satisfying the judgment and costs. It was enough that the execution purported to be issued upon a judgment which the court had jurisdiction to render. It was no part of his duty to look beyond the face of the writ. *Davis* v. *Bush*, 4 Blackf. 330 ; *Caldwell* v. *Kenworthy*, 31 Ind. 238 ; *Holmes* v. *Nuncaster*, 12 Johns. 395 ; *Savacool* v. *Boughton*, 5 Wend. 170 ; *Deyo* v. *VanValkenburgh*, 5 Hill, 242.

The levy made by the appellee upon the growing crop described in the appellants' complaint was lawful, as was his subsequent possession of it. No demand of the crop is alleged or proved ; nor is it shown that the property was unlawfully detained by the appellee.

The judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.