# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1885, IN THE SEVEN-
TIETH YEAR OF THE STATE.

---

No. 12,647.

### STRONG v. THE STATE.

CRIMINAL LAW.—*Forcible Entry and Detainer.*—*Affidavit, Sufficiency of.*—An affidavit charging a defendant with having at, etc., on, etc., unlawfully, violently and forcibly entered into certain premises, "to wit, a certain store-room situate on Main street, in the town of A., in said county and State, and then and there being in the possession of one S.," and with having unlawfully, violently and forcibly expelled the said S. from, and put him out of, the possession of said store-room, and with having in like manner kept him out of the possession thereof, sufficiently describes the premises.

SAME.—*Amendment of Affidavit on Appeal.*—*Practice.*—If an affidavit, filed before a justice of the peace, can be amended at all on appeal, it can only be by interlineation of and swearing anew to the original, or by the substitution of a new affidavit in its stead.

SAME.—*Forcible Entry and Detainer.*—*Proof, what Sufficient.*—In a prosecu-tion for forcible entry and detainer under section 1972, R. S. 1881, proof of such strong-handed proceedings, or such a show of force, as over-

awed and intimidated the injured party, and as either deterred him from defending his possession, or coerced him into surrendering it, is sufficient to make out a case of forcible entry, and proof of a similar exhibition of force is all that is required to sustain a charge of forcible detainer.

SAME.—Where the charge is for both a forcible entry and a forcible detainer, the party charged may be found guilty of one and acquitted of the other.

From the Fulton Circuit Court.

*M. L. Essick* and *O. F. Montgomery,* for appellant.

*F. T. Hord,* Attorney General, *E. C. Martindale,* Prosecuting Atttorney, *W. B. Hord* and *G. W. Holman,* for the State.

NIBLACK, C. J.—This was a prosecution against Andrew Strong, the appellant, commenced before a justice of the peace of Fulton county, and based upon an affidavit filed by Miss Mattie Smith charging him with having, on the 19th day of May, 1885, unlawfully, violently and forcibly entered into certain premises, "to wit, a certain store-room situate on Main street, in the town of Akron, in said county and State, and then and there being in the possession of said Mattie Smith," and with having unlawfully, violently and forcibly expelled the said Mattie Smith from, and put her out of the possession of, said store-room, and with having in like manner kept her out of the possession thereof.

The appellant was adjudged by the justice to be guilty as charged, and upon an appeal to the circuit court the parties appeared, and the prosecuting attorney asked leave to amend the affidavit, which was granted, and thereupon he filed what is claimed to have been amendments to the affidavit, as follows :

" Comes now the State, by Elijah C. Martindale, prosecuting attorney, and moves the court to amend the affidavit filed in this cause by inserting the word 'on' at the end of line number ten, the following, to wit: 'The north half of lot number fifty-six (56), and occupied by said Mattie Smith,"

Strong v. The State.

and by inserting immediately after the words 'store-room,' on line ten, the following words, to wit, ' and dwelling.'

"MATTIE SMITH.

"E. C. MARTINDALE, Pros. Att'y.

"Subscribed and sworn to before me this 9th day of September, 1885.         ISAIAH WALKER, F. C. C."

A motion to strike this paper from the files being first overruled, the appellant moved to quash the affidavit, and that motion was in like manner overruled. There was then a trial, a verdict finding the appellant guilty of the offence charged, and a judgment of conviction accordingly.

We do not regard the paper filed as above, and purporting to amend the affidavit in certain respects, as amounting to an actual amendment of that document. The amendments which the prosecuting attorney evidently intended to make were such as could only have been made, if at all under our practice, by an interlineation of, and swearing anew to, the original affidavit, or by the substitution of a new affidavit in its stead. The question of the power of a circuit court to authorize the affidavit to be amended in a case like this, is not, therefore, now properly before us. It may not, nevertheless, be out of place to remark that if a circuit court possesses such a power, which we regard as exceedingly doubtful, it inheres in the court, and rests upon general principles, since section 1735, R. S. 1881, cited by counsel, plainly has reference to another class of cases. Consequently, this case must now be considered as having been tried, and as still standing, upon the original affidavit. On the subject of the amendment of affidavits and verified complaints filed before justices of the peace, see Moore Crim. Law, section 84, and authorities cited; 1 Bishop Crim. Proc., sections 234, 714, 721 ; Bassett Crim. Pl. 131, 132.

No objection to the original affidavit has been either suggested or intimated, and hence there is no question before us as to its sufficiency. Its description of the premises was, at any rate, quite sufficient in a case like this, where restitution

was neither demanded nor contemplated. 2 Bishop Crim. Proc., sections 381, 382.

There was evidence tending to show that the prosecuting witness entered into the possession of the store-room in question in November, 1884, under some kind of an arrangement with the appellant for the purchase of it, but failing to consummate the arrangement for its purchase, she rented the building of the appellant until the 1st day of January, then next ensuing; that after that date the prosecuting witness continued in possession on some terms, or in some way, not fully explained, until some time in March, 1885, when the appellant informed her that after the 5th day of April, 1885, the building would go into the hands of his wife and one Curtis, and that if she wished to rent the building after that date she would have to arrange with them about it; that the prosecuting witness continued in possession as before, using all the while the front-room for a millinery establishment, and the back-room for a private apartment; that some time in May following the appellant claimed that the prosecuting witness owed thirteen dollars back rent, which she declined to pay; that late in the afternoon of the 19th day of that month, the appellant went to the building and finding the front door open entered the front-room, and engaged in an excited and angry conversation with the prosecuting witness as to the condition of the building and her refusal to pay the rent which he insisted was due; that seeing the key in the front door he took it into his possession, and saying, that as he then had the key he would lock the door if she did not pay the rent demanded, went away with the key; that returning a short time afterwards, and finding the prosecuting witness temporarily absent, the appellant procured a hatchet and some nails and nailed up the back door and the windows, and, locking the front door, again took the key away with him; that the prosecuting witness soon afterwards returned, but was unable to get into the building; that while she was afterwards permitted temporarily to re-enter the building and

Strong *v*. The State.

to have some access to her property inside, neither the key to, nor the possession of, the room was fully restored to her until after the commencement of this prosecution.

A question was made below, and is still urged here, upon the sufficiency of the evidence to support the verdict.

Section 1972, R. S. 1881, enacts that " Whoever violently takes or keeps possession of any lands, with menaces, force, and arms, and without authority of law, is guilty of forcible entry or forcible detainer, as the case may be, and, upon conviction, shall be fined not exceeding one thousand dollars."

It is not necessary that the violence contemplated by this section of the statute shall be manifested by menaces, as well as by force and with arms, all as parts of the same transaction. Neither is actual force an essential requisite. Proof of such strong-handed proceedings, or such a show of force, as overawed and intimidated the injured party, and as either deterred him from defending his possession, or coerced him into surrendering it, is sufficient to make out a case of forcible entry, and proof of a similar exhibition of force is all that is required to sustain a charge of forcible detainer. Moore Crim. Law, section 749; Whart. Crim. Law, section 1094.

Where the charge is for both a forcible entry and a forcible detainer, the party charged may be found guilty of the one and acquitted of the other. 2 Bishop Crim. Proc., section 388; Whart. Crim. Ev., section 129.

Waiving all questions as to the manner in which the appellant entered the house in controversy, both when he went in and got the key, and when he entered with hatchet and nails, with the assistance of the key, the evidence showed the appellant to have been, at least, technically guilty of a forcible detainer of the building, and as the jury only assessed a merely nominal fine of one dollar against him, he has no cause to complain that the verdict was not supported by the evidence.

Questions were also made below, and are still pressed here,

upon certain instructions given, as well as others refused, by the circuit court. We have examined all of the instructions given, as well as refused, and feel quite assured that if any error was committed either in giving or refusing instructions the error was merely abstract, and hence harmless, and that there is no reason for a reversal of the judgment upon the instructions, as the verdict was right upon the evidence. Section 1891, R. S. 1881. Many of the cases cited by counsel on both sides were civil actions for forcible entry and detainer, and are for that reason not applicable in all respects to criminal prosecutions like the one in hearing; but, on the general subject, see Cunningham Forcible Entry and Detainer, 31, *et seq.; Bell* v. *Longworth*, 6 Ind. 273 ; *Archey* v. *Knight*, 61 Ind. 311 ; *Tibbetts* v. *O'Connell*, 66 Ind. 171; *Vess* v. *State*, 93 Ind. 211.

The judgment is affirmed, with costs.

Filed Jan. 19, 1886.