Filed April 4, 1894.

---

No. 1,172.

BRAZEE v. THE STATE.

CRIMINAL LAW.—*Forcible Entry.*—*Failure of Evidence.*—Where the evidence is not conflicting, in a prosecution for forcible entry, and shows that the taking of possession by the defendant was peaceable and with the apparent consent of all the parties interested, there can be no conviction.

From the Perry Circuit Court.

*J. H. Weathers, C. A. Weathers, J. T. Patrick* and *O. C. Minor,* for appellant.

*A. G. Smith,* Attorney-General, for State.

Ross, J.—This was a prosecution against the appellant, commenced before William Heck, a justice of the peace in and for Troy township, Perry county, and based upon an affidavit filed by one James W. Easton, charging appellant with having, on the 31st day of May, 1893, "unlawfully, violently, forcibly, injuriously, with strong hand and with force," entered into the dwelling house of James W. Easton, and that he did "then and there, with menaces, force, and arms, and without authority of law, unlawfully, violently, forcibly, injuriously, and with strong hand keep" said Easton out of possession, etc.

Upon a trial before the justice, appellant was adjudged guilty as charged, and from this judgment appealed to the circuit court, where he was again tried and convicted

of forcible entry, and a fine assessed against him in the sum of five dollars. A motion for a new trial was made and overruled, whereupon the court rendered judgment on the finding.

Two errors have been assigned in this court, but counsel have argued only one, namely, that the court erred in overruling the motion for a new trial.

The statute under which this prosecution was brought provides that "Whoever violently takes or keeps possession of any lands, with menaces, force, and arms, and without authority of law, is guilty of forcible entry or forcible detainer." Section 2055, R. S. 1894.

It is now insisted that the finding of the court is contrary to law and the evidence.

In order to warrant a conviction for forcible entry, there must be evidence of a violent taking, or a taking with menace, with force and arms, and without authority of law. It must be observed that it is not necessary, in order to convict under this section of the statute, that the violence contemplated should be coupled with menaces, as well as force. And we do not mean to be understood as saying that there may not be a forcible entry without the use of actual force.

The evidence may be such as to show such an overawing and intimidation as coerced the injured party into submission, as would sustain a conviction for forcible entry. *Strong* v. *State*, 105 Ind. 1.

The evidence in this case falls far short of establishing either a violent taking by force or with menaces. The taking of possession by the appellant, on the contrary, was peaceable and with the apparent consent of all the parties interested. The evidence is not conflicting, but there is a total want of any evidence to warrant a conviction for forcible entry.

Judgment reversed, with instructions to grant a new trial.

REINHARD, J., took no part in this decision.

Filed April 18, 1894.