### The People, on the complaint of Jared Bennett, v. Amasa King.

ON *certiorari* upon a conviction for a forcible entry and detainer.

*Gold*, for the defendant, moved to quash the conviction, and that a re-restitution issue, for the following reasons : 1st. For want of certainty in the description of the premises, they being described only as " tenements and improvements," without naming the county in which situated. 2d. Twenty-four persons were sworn upon the grand jury, who found the bill, so that more than twelve were necessary to

the finding.   3d.  Because a challenge to a grand ju-
ror for having given a bond of indemnity* to the
complainant, was overruled.   4th.  Because the de-
fendant was not brought into court before restitution
awarded to traverse the indictment.   5th.  Because,
when the defendant voluntarily appeared and offered
to traverse, he was refused.   6th.  Because, it is not
alleged, that the complainant was seised or possess-
ed of the premises.

Aug. Term,
1804.

* See *Tre-
lawney* v.
*Thomas,* 1
*H. Black.*
303.

*Henry,* contra, opposed the issuing a writ of re-
restitution, because the term under which the de-
fendant claimed had expired.

KENT, C. J.   The inquisition and proceedings
below must be quashed, and re-restitution be award-
ed.   The last objection is fatal, within the decisions
of this court, in *Beebee* ads. *The People,* in *January*
term, 1802, and *Shaw* ads. *The People, August,*
1803.†   I think the second and fifth, also, are equal-
ly fatal.   As to the objection that the term is expir-
ed, and neither party have title, we cannot inquire
into, and decide by affidavit in this way on the title
or rights of the parties ; the complainant below, has
nothing to do with that.   He must give up the pos-
session irregularly obtained, put the defendant in
*statu quo,* and then proceed legally to the question of
title.

† 1 *Caines,*
125.