Oldham, J. The plaintiffs below were entitled to dismiss their suit, if they saw proper to do so, and the court committed no error in sustaining their motion. Upon the order dismissing the suit, the court ,should have rendered judgment, that the defendants be restored to the possession'of the improvement of which they had been dispossessed by the process of the court, and also judgment for the costs of the defendant. .Restitution should have been awarded, placing the parties in statu quo, leaving their rights to be settled by law. Com. v. Bigelord, 3 Pick. 31. People v. King, 2 Caines Rep. 98. 10 J. R. 304. We do not conceive that the act of the Legislature, under which the proceedings in this case were adopted, is unconstitutional. It was intended as a speedy and efficient remedy for the cases specified in the act, leaving the rights of the parties to be settled by the adjudication of the court in which the plaintiff’s possession under the process will be confirmed, or restitution awarded to the defendant according to the verdict of the jury. It cannot be contended, that the 10th section of the bill of rights contained in the constitution, precludes a party from bringing his action of replevin, by which he may obtain immediate possession of his property, which has been wrongfully taken or wrongfully detained from him, leaving the title to be determined by the subsequent adjudication of the cause by the court. The objection may be urged with as much propriety and force against that action, as the one under consideration. A party, however, cannot be permitted to abuse the process of the court, so as to obtain possession of the property, and then dismiss his suit without submitting his title to the investigation of the court, and retain his possession thus improperly acquired. The decision of the Circuit Court, in overruling the motion of the defendants below, for re-possession and costs, is erroneous, and must be reversed, and the cause remanded, to be proceeded in according to law, and not inconsistent with this opinion.