## ARCHEY v. KNIGHT.

FORCIBLE ENTRY AND DETAINER.—*Parties.—Object of Action.*—The action of forcible entry and detainer can be maintained only by one having the right to the possession of the lands so held, and its object is not to try the title, but to obtain restitution of the possession.

SAME.—*Evidence.*—In such action the plaintiff must prove that he was in possession prior to the alleged forcible entry or detainer, and that the defendant's possession was taken or kept by either actual violence or such a show of force as was reasonably calculated to intimidate the plaintiff.

SUPREME COURT.—*Practice.—Submission of Appeal Without Notice.— Waiver.*— An appeal having been taken to the Supreme Court, of which the appellee had knowledge, and there submitted on his alleged default, though without lawful notice to, or appearance by, him or his attorney, the latter then procured from the clerk of the Supreme Court the transcript and the appellant's brief in the cause, receipting therefor as attorney for the appellee, and retained possession thereof for about two years, without asking to have such submission set aside until after the cause had been decided adversely to him.

*Held,* that the appellee had waived his right to have the submission set aside and the appeal dismissed.

From the Shelby Circuit Court.

*J. B. McFadden,* for appellant.

*A. Blair, E. P. Ferris* and *W. W. Spencer,* for appellee.

NIBLACK, J.— William Knight, the appellee, sued Thomas Archey, the appellant, before a justice of the peace, on the 9th day of March, 1874, for unlawfully and forcibly entering upon, and for forcibly and with strong hand detaining, certain lands of the plaintiff.

There was a verdict and judgment for the plaintiff before the justice.

The defendant appealed to the court below, where the cause was tried by the court, resulting in a finding for the plaintiff, and in a judgment on the finding, over a motion for a new trial.

The overruling of the motion for a new trial is assigned for error here.

On the trial, the plaintiff testified:

"I was the owner of the land in controversy on the 9th day of March, 1874. I never gave permission to Archey, the defendant, to take possession of the premises. But he did take possession, and was in possession at the time I commenced this suit. I made demand of the defendant for the possession of the premises, and he said he was going to stay until I got possession according to law. He then rolled up his sleeves, and said he was going to stay. Defendant went into possession some time before I knew it. From the time defendant took possession of said premises until the present time, the rental value thereof is one hundred and fifty dollars, none of which has ever been paid me. I made a demand for the premises on the day this suit was brought. David V. Brown and Thomas Knight were with me at the time. I told the defendant he was on my premises, and that I considered I ought to have a note or possession. I then told defendant that I wanted possession. He said he would die in his tracks before I should have it. Defendant was standing in the door of the dwelling-house at the time I made this remark. I had authorized my brother, Thomas Knight, to rent the premises for me, provided he would take a note, with good security, for the rent. Defendant called to see me in regard to renting the premises before he took possession, but I was too sick to attend to the matter, and told him to see my brother Thomas. I had authorized Thomas to fix up the house for any one I saw fit to put there. I afterward sent

Thomas with some doors to fix up the house. There was from thirty to forty acres of the farm in corn last season."

David V. Brown and Thomas Knight, above referred to, also testified on behalf of the plaintiff as to what occurred at the time the plaintiff demanded the possession of the premises, but neither one of them added any thing material to the testimony of the plaintiff. On the contrary, nothing was said by either of them about the defendant having rolled up his sleeves, or having said that he would die in his tracks before he would yield up the possession of the farm in controversy.

Two other witnesses testified to the rental value of the farm, and that concluded the testimony for the plaintiff.

The defendant then introduced testimony tending to show that he rented the premises in suit of Thomas Knight, the brother of the plaintiff, and that he went into the possession thereof, under his contract with said Thomas Knight, in December, 1873, but we do not deem it necessary to set out, or further refer, to the defendant's evidence.

It is only one "having right to possession" of the lands in dispute who can maintain an action of forcible entry and detainer. 2 R. S. 1876, p. 665, sec. 12.

A forcible entry or a forcible holding means more than a mere trespass. The force must be actual. The possession must be shown to have been taken or kept either by actual violence, or by such a show of force as was reasonably calculated to intimidate the rightful owner. *Bell* v. *Longworth*, 6 Ind. 273; 2 R. S. 1876, p. 462, sec. 12.

As the action of forcible entry and detainer is not intended to try the title to lands, it has been held, that the plaintiff must prove that he was in possession of the lands before the forcible entry or forcible detainer. *The People* v. *King*, 2 Caines, 98; *The People* v. *Leonard*, 11 Johns. 504.

The object of the action, as a civil remedy, is to obtain *restitution* of the possession. Sec. 12, p. 665, *supra*.

Tested by these rules, which seem to be well supported by authority, we are of the opinion, that the finding of the court in the case in hearing was not sustained by sufficient evidence, and that the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the costs of the appellee, and the cause remanded for a new trial.

### OPINION ON MOTION TO SET ASIDE SUBMISSION.

NIBLACK, C. J.—Since the opinion in this cause was filed, the appellee has moved this court to set aside the submission of the cause and the judgment of reversal, and to dismiss the appeal, for want of notice to him of such appeal, as provided in Rule 13 of this court.

The appeal in this case was taken in vacation, the record having been filed on the 15th day of May, 1875.

At the November term, 1875, of this court, the cause was submitted, upon the alleged default of the appellee. An endorsement of this submission was immediately made on the record.

The appellee's motion is supported by the affidavits of himself and his attorneys in the court below, alleging that no notice of the appeal had been served on either or any one of them, as required by said Rule 13.

The appellant's attorney, in resistance of the appellee's motion, has filed his affidavit, charging that the appellee had full knowledge of the appeal soon after the transcript was filed in this court, and long before the submission of the cause; that, soon after the cause was submitted, to wit, on the 24th day of November, 1875, the appellee's said attorneys, whose place of business was Shelbyville, in this State, took the papers in the cause, consisting of the transcript and the appellant's brief, from the clerk's office of this court and receipted to the clerk for such papers, signing their names to the receipt therefor as attorneys for the appellee; that said attorneys for the appellee re-

tained the possession of said papers until some time in the Fall of 1877, when he, the appellant's attorney, obtained the possession thereof, and returned the same to said clerk's office.

There is no real conflict between the statements contained in these several affidavits, and by them we are informed, in substance, that, while no formal notice of the appeal was served on the appellee, yet he had actual notice of the appeal soon after it was taken, and that almost immediately after the cause was submitted, his attorneys took the papers in the cause from the clerk's office, leaving their receipt therefor on file in their place, according to the usual custom in such cases, and retained the possession of such papers continuously for nearly two years thereafter, without any effort to have the submission set aside, or without, in any other manner, calling the attention of the court to the omission in having a formal notice of the appeal served on the appellee, until after the cause had been decided.

Under these circumstances, we must hold, that the appellee, by his delay, has waived his right to have the submission set aside and the appeal dismissed, as he doubtless might have done at an earlier stage in the proceedings.

The appellee's motion is therefore overruled.

Original opinion filed at November term, 1877.

Opinion on motion filed at May term, 1878.

