(20 Misc. Rep. 163.)

### PEOPLE v. OISHEI.

(Supreme Court, Special Term, Erie County. January, 1897.)

1. INDICTMENT—SUPERSEDING BY LATER INDICTMENT.
   Two indictments are not "for the same matter" (2 Rev. St. p. 726, § 42), so that the indictment first found is superseded by the second one, where the first indictment charges defendant with forgery in altering an order of the surrogate's court, and the second charges that defendant altered the order, and uttered it as true, with intent to deceive.

2. DECEIT—ALTERATION OF RECORDS.
   The alteration of an order of the surrogate's court so as to make it false and misleading is a deceit, within Pen. Code, § 148, providing that an attorney "who is guilty of any deceit or collusion with intent to deceive the court or any party" is guilty of a misdemeanor.

Achille J. Oishei, having been indicted separately for forgery and for deceit, moves to quash the indictment for forgery, and demurs to the indictment for deceit. Motion denied. Demurrer overruled.

Daniel J. Kenefick, Dist. Atty., for the People.
Charles Oishei, for defendant.

TITUS, J. At the last September term of the supreme court the defendant was indicted by the grand jury for the crime of forgery, in altering and forging an order of the surrogate's court of Erie county. On the same day and at the same time the grand jury also presented to the court another indictment against the defendant, for the crime of deceit "with intent to deceive the court and a party to an action and proceeding," under section 148 of the Penal Code. Both indictments are indorsed by the clerk as having been filed on the 9th day of October, and the defendant arraigned on the same day on both indictments; the clerk entering in his minutes the indictment for forgery first. The defendant moves to quash the indictment for forgery on the ground that it is "deemed to be superseded" by the indictment for deceit; claiming it was the second indictment found for the same offense, or for the same matter. The defendant also demurs to the indictment for deceit on the ground that the facts set forth in the indictment do not constitute a crime. Both motions were made at the same time, and may be disposed of together. The questions will be considered in the order stated.

Section 42 of article 1, p. 1941 (marg. p. 726), tit. 4, c. 2, of part 2 of the Revised Statutes (9th Ed.), provides:

"If there be at any time pending against the same defendant two or more indictments for the same offense, or two or more indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be superseded by such second indictment."

45 N.Y.S.—4

Aside from the statute, there is but little authority throwing any light upon a proper construction of its provisions. The language itself is plain, and would seem to need no explanation or interpretation other than that afforded by the language used. If there be "two or more indictments for the same offense, or for the same matter, the indictment first found shall be deemed to be superseded by the second." It is clear that the indictments in this case are not for the same offense, one being for forgery and the other for deceit. They are distinct statutory offenses. Is the indictment for deceit for the same matter? If it is, then the defendant's motion must be granted. People v. Barry, 10 Abb. Prac. 225. In People v. Rynders, 12 Wend. 425, the defendant was indicted for forgery in signing the name of Graves & Merrick by Henry Allen, who was the agent of Graves & Merrick; the defendant representing himself to be Henry Allen, such agent. On the day succeeding that on which the indictment for forgery was found, another indictment was found against the defendant for the same matter, in falsely representing and personating one Henry Allen, and, in such assumed character, receiving the sum mentioned in the forgery indictment, namely, a check, less the amount of discount. On reviewing the case in the supreme court, Justice Savage, after quoting the section of the Revised Statutes as above, said:

"The answer to this objection is that the offenses charged were entirely distinct, and I see no reason why the defendant might not be punished for both. The one is for forgery. That offense was completed by the act of signing another person's name with intent to defraud. * * * The act of personating Allen was not necessarily connected with the forgery, nor can the personating of Allen and the forgery of the check be considered the same offense or matter."

It is difficult to determine from the facts before the court which indictment was first found. Both were found at the same term, and presented by the grand jury in open court, and filed with the clerk on the same day and at the same time, although it is stated in the moving papers that the defendant was first arraigned on the forgery indictment. Section 144 of the Code of Criminal Procedure provides that "an indictment is found * * * when it is duly presented by the grand jury in open court and there received and filed." It does not seem reasonable that the provision of the Revised Statutes which was intended for the benefit of a defendant should be rendered nugatory because the grand jury present two indictments at the same time. One should be deemed as having been "first found." While it is impossible to determine that fact from the record in this case, I think the well-known practice in criminal prosecutions is to first investigate the greater crime, and charge the defendant by indictment with it, and then, if the same facts constitute a crime of a lesser degree, to set it out in a second count, or if the facts may constitute another offense, not of the same character, but a lesser crime, to present them by a second indictment. The disposition of this motion on other grounds renders it unnecessary to determine which indictment was, within the meaning of the statute, first found. The indictment for

forgery is a simple allegation that the defendant, being an attorney of the supreme court, did wrongfully and unlawfully, with intent to deceive, "alter and falsify the order and decree of the surrogate of Erie county"; setting out in full the order of the surrogate, and containing the usual formal allegations required in forgery indictments. The indictment for deceit is much more specific, and charges the defendant with intent to deceive the court and a party to an action. It sets forth in full the order of the surrogate, and further alleges that Rosario Maggio was the administrator of the estate of one Mellunzo, and that an action was commenced and judgment recovered in that action against the Lake Shore & Michigan Southern Railway Company for $2,500 damages for causing the death of said Mellunzo. The order of the surrogate authorized the administrator to enforce collection of the judgment, and to receive the moneys thereon; modifying the original letters of administration, and evidently intending to grant full power as a general administrator. The indictment further charges that an agreement was made by the parties to the action whereby the judgment obtained against the railroad company was to be compromised for $2,600 whenever the administrator should obtain the necessary authority from the surrogate so to do, and, to enable him to compromise the judgment, the words "compromise the same" were added by the defendant, who was attorney for the administrator; and it further alleges that he uttered and put off as true the order of the surrogate, so altered, to the defendant in that action, the railway company, and to the attorney of that company, with the intent to deceive said company. There is no allegation in the indictment that the defendant deceived the court or any person, but that what was done was done with the intent to deceive. It has seemed necessary to state the facts set out in the deceit indictment quite fully, to determine whether it is for the same offense or for the same matter as the indictment for forgery. The case of People v. Rynders, supra, is the only authority to which I have been referred, or which I have been able to find, bearing directly upon this question. The defendant is charged, under Pen. Code, § 511, with forgery in the second degree. It provides, "A person is guilty of forgery in the second degree, who with intent to defraud  *  *  *  forges a judgment roll, judgment order or decree of any court." The indictment is sufficient to charge a crime under this section,—of forging an order,—and all of the necessary facts are alleged to that end. Section 148 of the Penal Code provides for a distinct offense, and requires a statement of facts which may or may not constitute the crime of forgery. The proof to make out a case is entirely different, and requires a different kind of evidence to convict of this offense. While some of the facts alleged in the forgery indictment are necessarily involved in the indictment for deceit, it does not thereby become the same offense, nor the "same matters" as are alleged to constitute the crime of forgery. I am therefore of the opinion that both indictments can stand, and that the forgery indictment is not superseded by the indictment for deceit.

The defendant demurs to the indictment for deceit on the ground that the facts set forth in the indictment do not state a crime. Section 148 of the Penal Code provides "that an attorney or counselor who is guilty of any deceit or collusion with intent to deceive the court or any party" is guilty of a misdemeanor. Substantially the same language is used in section 70 of the Code of Civil Procedure, which provides a civil remedy for the injured party, and also declares it to be a misdemeanor. A party must, under this statute, be guilty of "deceit"; and, if he is guilty only of an intent to deceive, the offense does not fall within the statute. The statute does not define what deceit is, and its meaning must be sought elsewhere. · It is not an unusual word in our law books, and was an offense at common law. Before this statute there was no punishment by indictment for imposing upon or deceiving a court by an attorney who might gain some advantage by sharp practice, false statement, or in withholding some fact from the court which he was in good faith bound to disclose. Oftentimes the court was powerless to protect itself, and this statute was evidently intended to meet that condition. It is the claim of the learned counsel for the defendant that, to be guilty of deceit, a person must have made fraudulent representations resulting in damage, and the inability of the person damaged to prevent fraud. In an action for damages for deceit, it is undoubtedly a correct statement of the rule, under the well-known maxim that no action for fraud without damages can be maintained. In a civil action, deceit or fraud must be followed by damages, but such is not necessarily the rule in criminal actions. The statute makes many offenses punishable where no damages have resulted, such as forgery, counterfeiting, and attempts to commit crime. So it is competent for the legislature to declare that any person practicing deceit may be punishable as for a crime. While many definitions for deceit are given in the books, and in some, that the person practicing deceit must accomplish something in the way of damage to another, it does not seem to me that it necessarily follows that a party may not be guilty of deceit, in a criminal sense, even though no damage results. In this case it means the quality of being false or misleading. The concealment or perversion of the truth,—a trick or device which tends to mislead another, although not necessarily accomplishing that result. When a person uses means which are deceitful, or which tend to deceive the court or another person, such as lying or producing false papers, it would be too strict a definition to hold that although he intended to deceive, but as he failed in accomplishing any result, he was not in fact guilty of using deceit. I think this is the sense in which the legislature used the term. Otherwise the statute is to no good purpose. It was to protect the court against this very common offense. In Looff v. Lawton, 14 Hun, 588, the action was for damages. The court say:

"There seems to be no good reason for confining the term 'deceit' to common-law or statutory cheats. * * * The common law as well as the statute of obtaining property by false pretenses were adequate to the punishment of

all such offenses, whether committed by lawyers or laymen. * * * There was no occasion, therefore, for another statute to punish, or to give an action for, the deceit of lawyers, unless the legislature intended that the class of persons intended should be liable for acts which would be insufficient to establish a crime or a cause of action against citizens generally. * * * To mislead a court or a party is to deceive it, and, if knowingly done, constitutes criminal deceit."

The statute creates a new offense, and cannot be interpreted by the rules of the common law in criminal actions. It provides that certain conduct on the part of an attorney shall be an offense, a misdemeanor, whether he profits by it or not; and whether the alteration of the surrogate's decree in this case changed its legal effect is not, as I understand the statute, of any consequence in determining whether deceit is charged in the indictment. The indictment follows the language of the statute, and then states facts which, if true, are deceitful and fraudulent. If I am right in my construction of the statute, then the motion to supersede the indictment for forgery must be denied, and the demurrer to the indictment for deceit overruled.