## PEELLE *v.* THE STATE.

[No. 20,155.    Filed November 4, 1903.]

CONSTITUTIONAL LAW.—*Town Clerk.—Powers of Justice of the Peace.*—
The act of 1901 (Acts 1901, p. 57), conferring upon town clerks the
powers of justices of the peace is constitutional.  *p. 379.*

FORCIBLE ENTRY.—*Affidavit.—Description of Premises.—Criminal Law.*
—In a prosecution for forcible entry, restitution being neither
demanded nor contemplated, an affidavit charging that defend-
ant unlawfully took possession of a certain dwelling-house and
lands in a certain county in the lawful possession of a person
named is a sufficient description of the premises.  *p. 379, 380.*

SAME.—*Special Plea.—Demurrer.—Harmless Error.*—No error was com-
mitted in sustaining a demurrer to a special plea to an affi-
davit charging forcible entry, where all matters pertinent to the
case were admissible in evidence under the plea of not guilty.
*p. 380.*

SAME.—*Possession.*—It is not incumbent upon the State in a prosecu-
tion for forcible entry, under §2055 Burns 1901, to prove that the
tenant dispossessed was in "rightful" possession of the premises,
it being sufficient to show that he was in "peaceable possession."
*p. 380.*

SAME.—*Title to Property.*—The action of forcible entry or detainer
can not be employed in either its civil or criminal form to try
the right or title to property.  *p. 380.*

TRIAL.—*Instructions.—Oral Directions.—Appeal and Error.*—An excep-
tion to the contents of an instruction given by the court as to the
form of the verdict raises no question as to oral directions given
by the court in connection therewith.  *pp. 381, 382.*

SAME.—*Written Instructions.—Oral Direction as to Form of Verdict.*—Oral
direction to the jury as to the form of their verdict is not errone-
ous though written instructions were requested.  *p. 382.*

CRIMINAL LAW.—*Forcible Entry.—Appeal from Justice of the Peace.—
Fines.—May be Increased Beyond Limit of Justice of the Peace.*—Where
defendant was convicted before a justice of the peace for a mis-
demeanor punishable by fine only, and appealed to the circuit
court, the circuit court was not limited in the assessment of pun-
ishment to the fine the justice might have assessed, since the case
was tried *de novo,* and the court could assess the punishment it
deemed just, within the limits of the statute.  *pp. 382, 383.*

From Starke Circuit Court; *J. C. Nye,* Judge.

Henry H. Peelle was convicted of forcible entry, and
appeals.  *Affirmed.*

*H. R. Robbins* and *W. C. Pentecost*, for appellant.

*C. W. Miller*, Attorney-General, *C. C. Hadley*, *W. C. Geake*, *L. G. Rothschild* and *E. D. Salsbury*, for State.

HADLEY, J.—The transcript was filed in this appeal June 27, 1903, subsequent to the taking effect of the act of 1903 (Acts 1903, p. 280) amendatory of §7 of the act of 1901 (Acts 1901, p. 565), and, the appeal involving a constitutional question, the whole case is before us for decision.

An affidavit charging appellant with forcible entry, under §2055 Burns 1901, was filed before M. T. Hepner, clerk of the town of Knox. The venue was changed to a justice of the peace before whom appellant was convicted, and appealed to the circuit court, where he was again convicted, and prosecutes a further appeal to this court.

The questions properly reserved and presented by the assignment are: (1) The constitutionality of the act approved February 28, 1901 (Acts 1901, p. 57), concerning town officers; (2) the sufficiency of the affidavit; (3) the sufficiency of a special plea; (4) the correctness of certain instructions given and refused; (5) the validity of the judgment.

1. The first question has recently been decided by this court adversely to the appellant's contention. *Baltimore, etc., R. Co.* v. *Town of Whiting, ante,* 228.

2. The affidavit upon which the prosecution was had is in these words: "That on November 15, 1902, at the county of Starke and State of Indiana, one Henry Peelle did then and there, violently, with menace, force, and arms, to wit, sledge, ax, and shotgun, and without authority of law, unlawfully take possession of a certain dwelling-house and lands in said county situate, which said dwelling-house and lands were then and there and theretofore in the lawful possession of one Albert Clark; contrary," etc. The objection made to the affidavit is its

Peelle *v.* State.

uncertainty in the description of the premises entered. This being a prosecution for a forcible entry, and restitution being neither demanded nor contemplated, the description of the premises is sufficient under the rule declared in *Strong* v. *State,* 105 Ind. 1.

· 3. The motion to quash having been overruled appellant filed what he terms a special plea, setting forth with much detail and elaboration a history of the contract between the prosecuting witness and appellant, the nonperformance of the prosecuting witness, the liberality of appellant, and the motive that prompted the prosecution. The sustaining of the demurrer to this plea was at least harmless, since all matters pertinent to the case were admissible in evidence under the plea of not guilty.

4. Appellant complains of the giving of the second, fourth, and sixth instructions to the jury. The single objection urged to these instructions is common to all three, and is to the effect that it was incumbent upon the State to prove that the tenant dispossessed by the defendant had not only the peaceable, but the rightful possession of the premises. The court, in charging the jury, limited the essential proof touching the prosecuting witness' occupancy to "peaceable possession," omitting the word "rightful," and this was correct. If the defendant had no right to enter, but did so by forcibly expelling one who had no lawful right, but was in the peaceable possession, the law denounces the act the same as if the possession had been rightful as well as peaceable. The action of forcible entry or detainer can not be employed, in either its civil or criminal form, to try the right or title to property. *Swails* v. *State,* 4 Ind. 516; *Higgins* v. *State,* 7 Ind. 549; *Archey* v. *Knight,* 61 Ind. 311; *Vess* v. *State,* 93 Ind. 211. "In a prosecution of this kind," said the court at page 215 in the last case cited, "the defendant can neither go into evidence to disprove the title of the complainant, nor to establish his own, as the question is not one of civil right,

but of public concern, affecting the public peace. The offense, considered as an injury merely, is against the possession of the prosecuting witness, and not against his title."

The instructions are in the record by bill of exceptions. At a proper time the defendant requested the court to instruct the jury in writing. It is shown that by the last instruction, being number eleven, the court directed the jury that if they found from all the evidence that the defendant was guilty, as charged, beyond a reasonable doubt, they should find and return, in substance, this form of verdict: "We, the jury, find the defendant Henry Peelle guilty of the charge in the affidavit, and fix his punishment at a fine of $ . . . . . . . . .  . . . . . . . . . . . . . . . ., foreman." It is noted in the bill that this instruction is indorsed on the margin as follows: "Excepted to April 1, 1903. Robbins & Pentecost, Attys. for defendant." The bill then proceeds: "That in giving instruction number eleven the court, after reading the form of verdict as far as the words 'at a fine of' stated orally to the jury these words, 'any sum not exceeding $1,000.' That to the giving of instructions numbered two, four, five, six, seven, eight, and eleven, the defendant at the time excepted, and noted his exceptions on the margin of the respective instructions excepted to."

No complaint is made about the substance of instruction number eleven, but an effort is made to question the action of the court in stating to the jury orally the words above set out, after having been requested to instruct the jury in writing. He must fail in this, however, because there is nowhere within the pages of the record anything to show that the defendant excepted, or even objected, to the oral statement of the court. The exception noted is to the contents of the charge, and not to the method of giving a part of it. If the court did wrong, to the defendant's injury, he should have complained at the time,

and given the court an opportunity to right it at a time when he could have done so. Besides, it has been held by this court that oral direction to the jury as to the form of their verdict, to reject evidence, to answer interrogatories, and the like, are not instructions, and not in violation of the court's duty, when under a request for written instructions. *Bradway* v. *Waddell,* 95 Ind. 170, 175; *Trentman* v. *Wiley,* 85 Ind. 33, 36; *McCallister* v. *Mount,* 73 Ind. 559, 566; *Stanley* v. *Sutherland,* 54 Ind. 339.

5. The fine assessed by the justice of the peace was $13, and that assessed by the jury in the circuit court was $35, and appellant contends that the verdict is contrary to law, in this: that it being a prosecution begun before a justice, or, rather, before a town clerk, who had only the power of a justice of the peace, the circuit court had no jurisdiction on appeal to assess a greater fine than the justice might have assessed; the insistence being that as the justice possessed no jurisdiction under §1706 Burns 1901, to assess a punishment' beyond a fine of $25, the circuit court on appeal had no greater authority. We can not agree with the appellant in his exposition of the statute. The question involved is not one of jurisdiction at all. The appellant having been charged with a misdemeanor punishable by fine only, the justice of the peace had concurrent jurisdiction with the criminal and circuit court to try it. §1706, *supra.* In such case the justice's right to try and determine, which constitutes jurisdiction, is just as complete as that of the circuit court; and, if it shall appear that a fine not exceeding $25 is an adequate punishment, he may render final judgment and end the case, but, if the trial discloses that an adequate punishment will exceed $25, the justice must so find, so determine, and hold the prisoner to bail for his appearance before another court, which has the same power to hear and determine, but larger power to punish. §1705 Burns 1901. The limitation is not upon the justice's power to

try, but upon his power to punish. This case does not belong to that class to which *Nace* v. *State,* 117 Ind. 114, and *Horton* v. *Sawyer,* 59 Ind. 587, belong, where the law provides that the minimum fine or judgment shall be greater than the justice has power to render. In this class of cases the trial of the justice would necessarily be a nullity, and hence it is held that he has no jurisdiction, and none is conferred upon the circuit court by appeal. The judgment in this case was rendered by a court of undoubted jurisdiction, and its appeal carried the case into the circuit court, there to be tried upon the original affidavit, it is true, but *de novo,* and in all other respects disposed of precisely as other like cases originating in the latter court, assessing whatever punishment is deemed just within the limits of the statute. *Wisehart* v. *State,* 104 Ind. 407.

Judgment affirmed.