## PEOPLE v. FLAHERTY.

### (Livingston County Court. April 9, 1908.)

1. CRIMINAL LAW—APPEAL—CERTIFICATE OF REASONABLE DOUBT.

   Under Code Cr. Proc. § 527, providing that a certificate of reasonable doubt may be granted to stay execution of a judgment in a criminal case, where there is reasonable doubt whether the judgment should stand, but not otherwise, the certificate should be granted if there are questions which, in the opinion of the justice to whom the application is made, are proper to be reviewed by the appellate division, irrespective of any question of the probability of a reversal.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 2730.]

2. INDICTMENT—TIME OF FINDING.

   At the time accused was compelled to testify before the grand jury in a perjury case the grand jury had actually voted for an indictment against him for illegally practicing medicine; but the indictment had not been drawn, signed by the district attorney and foreman of the grand jury, or handed to the court until after accused had given his testimony. *Held,* that the indictment was not found until presented to the court after accused's testimony was given, under Code Cr. Proc. § 144, providing that for purposes of limitation an indictment shall be deemed to be found when it is duly presented by a grand jury in open court, and there received and filed.

3. CRIMINAL LAW—APPEAL—CERTIFICATE OF REASONABLE DOUBT—GROUNDS.

   A person was subpoenaed before a grand jury, which was investigating a charge against him for illegally practicing medicine, to testify in a perjury case, and he was compelled to testify with reference to his attending the sick and diagnosing human diseases. Subsequently an indictment was drawn against him, signed, and presented to the court. *Held,* that the act of compelling him to give such testimony before the indictment was found against him constituted sufficient ground for granting a certificate of reasonable doubt, on his appeal from a judgment of conviction.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 2730.]

Charles Flaherty was convicted of practicing medicine without lawful authority, in violation of Laws 1907, p. 646, c. 344, § 15, and applies for a certificate of reasonable doubt, under Code Cr. Proc. § 527. Certificate granted.

Charles Flaherty, for the application.
John F. Connor, Dist. Atty., opposed.

CLARK, J. The defendant was convicted in the County Court of Livingston county of the crime of practicing medicine without lawful authority, in violation of section 15, c. 344, p. 646, of Laws of 1907 of the state of New York, and has been fined the sum of $250. He now applies for a certificate of reasonable doubt, claiming that his conviction was unlawful.

The defendant proposes to appeal to the Appellate Division of the Supreme Court from such conviction, and the object of the certificate applied for is to stay the execution of the judgment pending that appeal; and where it appears to a justice of the Supreme Court that "there is reasonable doubt whether the judgment should stand, but not otherwise," the certificate should be granted. The defendant

names several grounds upon which he bases this application, and alleges, first, that the court erred in denying defendant's motion to set aside the indictment, made pursuant to statute; second that the court erred in overruling defendant's demurrer to indictment, made pursuant to statute; third, the court erred in denying the defendant's motion at close of people's case to direct a verdict for defendant, upon the ground that the proof offered by the people did not sustain the allegations in the indictment; fourth, the court erred in charging the jury upon questions of law; fifth, the court erred in charging the jury upon questions of fact; and, finally, it was urged by defendant that the verdict of the jury was contrary to and against the weight of the evidence.

Upon the argument it was conceded that this indictment was found by the grand jury of Livingston county in January, 1908. Before the grand jury that found this indictment the defendant was regularly subpœnaed in a proceeding brought against another party for perjury, and when he was examined January 28, 1908, in this investigation for perjury against another party, the defendant was asked the following questions by the district attorney:

"Q. Do you attend the sick? A. I do. Q. Did you attend Madge McCarthy in her sickness? A. I did. Q. Did you diagnose her case? A. I did. Q. What was the disease? A. Organic disease of the heart. Q. Did you prepare medicine for her? A. I did."

On the trial of this action the defendant moved for the setting aside of this indictment upon the ground that his testimony before the grand jury in the perjury case just referred to was given when he had been compelled by subpœna to appear before that body; that it was testimony with reference to his attending the sick and diagnosing human diseases; and, it having been given before the same grand jury which considered the charge against him of illegally practicing medicine, which resulted in his indictment, that his rights were greatly prejudiced. Upon the argument it was conceded that the grand jury had actually voted for an indictment against the defendant on the charge in question before the perjury charge, wherein the defendant was forced to give testimony, was investigated; but it was also conceded that the indictment against this defendant was not drawn, signed by the district attorney and foreman of the grand jury, or handed to the court until after the defendant had given his testimony in the perjury case, to wit, on the 30th day of January, 1908. The defendant's contention is that, until the grand jury had actually handed the indictment to the court, it was within its province to have reconsidered its action on the indictment for illegally practicing medicine, and that until the indictment had actually been drawn, duly signed, and handed to the court, it was improper and an invasion of the defendant's rights to compel him to come before the grand jury, which had investigated a charge against him for illegally practicing medicine, and force him to give testimony before that same body along the line of what he had done with reference to diagnosing cases and praticing medicine.

In considering this application it is not necessary to reach any conclusion as to whether the judgment of conviction will be sustained

by the Appellate Division, or reversed. If there are questions which, in the opinion of the justice to whom an application of this character is made, are proper to be reviewed by the Appellate Division, a certificate of reasonable doubt should be granted. People v. Hummel, 49 Misc. Rep. 136, 98 N. Y. Supp. 713; People v. Wentworth, 3 N. Y. Cr. R. 111. The testimony above quoted, given by the defendant in the perjury case, would naturally point irresistibly to the conclusion that he had been attending a person in sickness, had diagnosed the case, and had prescribed and administered remedies. While this evidence was given in a perjury case, and after the grand jury had actually voted to find an indictment against the defendant for illegally practicing medicine, it is something of a question whether or not, when defendant was compelled to give such evidence before the indictment against him for illegally practicing medicine had actually been drawn and signed and handed to the court, he was not subject to an unfair examination on matters involving the precise questions upon which a charge against him was being pressed. Before the indictment was drawn, signed, and handed to the court, the grand jury had it within its power to reconsider the charge against the defendant. But, of course, after he had given the testimony quoted in the perjury case, if any grand juror had had a doubt about the wisdom of the action of the grand jury in voting an indictment against the defendant for illegally practicing medicine, that doubt was clearly removed. The indictment was not found until it was presented to the court. Code Cr. Proc. § 144.

Various other questions were raised with reference to regularity of proceedings in County Court, which it is unnecessary to pass upon here, which will doubtless be presented to the Appellate Division, which court will grant any relief to which the defendant may be properly entitled. On this application it is for me to determine whether there is a reasonable doubt as to whether the judgment of conviction should stand, and I am convinced that there is such a doubt, not only because of the manner in which the defendant was compelled to give evidence before the grand jury which had voted this indictment against him, but before it had been signed and handed to the court, and on the ground, also, that the verdict was against the weight of evidence. While under ordinary circumstances I do not think the practice of granting certificates of reasonable doubt should be encouraged, still, when there are questions which should properly be passed upon by the Appellate Court the certificate should be granted. No possible harm can come to the people by the granting of a certificate, to the end that the questions raised may be passed upon by the Appellate Division before the judgment against the defendant is actually executed; whereas he might be greatly prejudiced if the judgment was in fact executed, and then it should be ascertained that the proceedings against him were in any respect faulty and required a reversal of judgment.

I am satisfied that in this case justice requires that the certificate applied for should be granted.