## COUNTY COURT—TOMPKINS COUNTY.

### Oct. 1910.

## THE PEOPLE v. ISAAC HERRMANS.

(69 Misc. 303.)

GRAND JURY—NUMBER NECESSARY TO FIND INDICTMENT.

> Where eighteen grand jurors were present when the evidence was taken and the vote had upon the question of finding an indictment but only fifteen were present including their foreman when the indictment was presented to the court, the indictment will be dismissed on the ground that it was found by an illegally constituted grand jury, but without prejudice to a resubmission to another grand jury.

MOTION to dismiss an indictment on the ground that it was found by an illegally constituted grand jury.

*Morris S. Halliday,* for People.

*George B. Davis, John D. Collins* and *Daniel Crowley,* for defendant.

SWEETLAND, J. At the September, 1910, term of the Supreme Court held in and for Tompkins county, the grand jury presented an indictment against the defendant, charging him with the crime of assault in the second degree. The indictment was presented by the foreman of the grand jury to the court and there filed. A roll call of the grand jury then disclosed the fact that but fifteen grand jurors were in attendance, including the foreman. The defendant was not present in court at that time, and an order was made by the Supreme Court sending the indictment to the County Court. Upon

arraignment in County Court, the defendant appeared in person and by counsel and moved for the dismissal of the indictment on the ground that it was not found by a legally constituted grand jury; that the indictment was not found according to law; that it was found and presented when but fifteen members of the grand jury were present. Defendant asked that the indictment be dismissed and the defendant discharged under authority of section 313. of the Code of Criminal Procedure. It was stated by the district attorney on the argument and not disputed that eighteen grand jurors were present when the evidence was produced and the vote of the grand jury taken, but that three of the eighteen departed for home before coming into court. The clerk's minutes do not show that any of the three absentees were excused.

My attention has not been called to any case in which this question has been considered or decided. It is largely a question of statutory construction. There are but few cases in this State which directly aid in its determination.

Section 224 of the Code of Criminal Procedure, defining a grand jury, reads as follows: " The grand jury must consist of not less than sixteen and not more than twenty-three persons, and the presence of at least sixteen is necessary for the transaction of any business."

The record must show that the indictment was returned into court by the grand jury. 17 Am. & Eng. Ency. of Law, 1301. The grand jury as a body should return the indictments. They should not be carried into court by the foreman alone. State v. Bordeaux, 93 N. C. 560.

Section 272 of the Code of Criminal Procedure reads as follows: " An indictment, when. found by the grand jury, as prescribed in section two hundred and sixty-eight, must be presented by their foreman in their presence to the court, and must be filed with the clerk, and remain in his office as a public record, but it must not be shown to any person other than a

public officer, until the defendant has been arrested or has appeared."

At common law a grand jury must consist of not less than twelve nor more than twenty-three persons. So many changes have been made in this country from the common-law rule that the decisions of courts of other States are of but little value in determining questions arising under our statutes.

"It has been held uniformly, it would seem, that where a grand jury is composed of more than the lawful number of members, it is not a legal body, and an indictment found by such body is not valid as against objection seasonably made." 17 Am. & Eng. Ency. of Law, 1270. It was held in People v. King, 2 Caines, 98, that an indictment found by a grand jury composed of twenty-four persons was void. To the same effect is *Ex parte* Reynolds, 35 Tex. Cr. 437; Ogle v. State, 43 Tex. 219; Downs v. Com., 92 Ky. 605.

It is fair reasoning to hold, when one grand juror in excess of the statutory number vitiates the indictment, as was held in People v. King, 2 Caines, 98, that one less than the statutory number is equally fatal.

So we can say, both on reason and authority, "Less than sixteen or more than twenty-three would not constitute a legal grand jury." Dawson v. People, 25 N. Y. 403; Joyce Indictments, §§ 74, 173.

The following cases are authorities for the proposition that, where fewer grand jurors are impaneled than the minimum number allowed by statute, the grand jury is not a lawful body. State v. Hawkins, 10 Ark. 71; Gladden v. State, 12 Fla. 562; State v. Symonds, 36 Maine, 128; Doyle v. State, 17 Ohio, 222; Brannigan v. People, 3 Utah, 488; Dawson v. People, 25 N. Y. 403. When the indictment was found by less than the minimum number of grand jurors, objection may be taken to it, even though it was concurred in by a sufficient number

of grand jurors.    State v. Hawkins, 10 Ark. 71; Doyle v.
State, 17 Ohio, 222.

The statute under consideration is highly penal and must
be strictly construed.    Its language is as clear and explicit
as possible; and, if the words of the statute are to be given
their usual and natural construction, the indictment is fatally
defective.    The defendant at the earliest possible opportunity
properly raised his objection to the validity of the indictment.
The indictment must stand or fall on the legal effect of the con-
ceded facts of the case.

All the legal requisites must be complied with to confer
jurisdiction on the court in criminal matters.    The defendant
cannot by consent, in this case, confer jurisdiction on the court.
No person can by consent or stipulation constitute a legal
grand jury.    Where the law provides a method of acquiring
jurisdiction of the person of a defendant, in a criminal action,
as by indictment, that method must be strictly pursued to ac-
quire jurisdiction.    See Davidsburgh v. Knickerbocker Life
Ins. Co., 90 N. Y. 526.    Unless the indictment was legally
found and presented by a grand jury, it is invalid.    The term
" grand jury " as here used means a legal grand jury.    Neither
the defendant nor the prosecution ought to proceed further in
this case unless the indictment is valid.    If the procedure is
wrong, it is best to stop at the earliest opportunity and not go
deeper into doubtful legal complications.

The strictness of the rule of construction in criminal mat-
ters is well illustrated in Camcemi v. People, 18 N. Y. 128
There the defendant was on trial for murder in the first de-
gree; a jury of twelve men was duly impaneled and sworn
and the trial had commenced, when one juror was withdrawn
on the express consent and request of the defendant.    The trial
proceeded with eleven jurors and a verdict was rendered by
them of guilty of murder in the first degree.    The defendant,
notwithstanding his consent and stipulation, appealed; and the

judgment of conviction was reversed by the Court of Appeals, because the defendant was not tried by a legal jury of twelve men. In People v. Shaw, 63 N. Y. 36, the trial was had, under the former practice, before a court, consisting of a justice of the Supreme Court, the county judge of the county and two justices of sessions with a jury. The presiding justice and two others had power to hold the court, three constituting a quorum of the court. One of the justices of sessions absented himself for a whole day, and evidence was taken in his absence. The court was then legally constituted, because the presence of the three other members was sufficient, even though one justice of sessions had by his absence disqualified himself from further participation in the trial. He then returned and continued in the trial. After the charge of the court and the retirement of the jury, but before the verdict of the jury, the county judge left the court and did not return. The jury rendered a verdict of guilty. The conviction was reversed on appeal because a quorum of the court was not present throughout the trial. In People v. Bork, 96 N. Y. 199, 2 N. Y. Crim. 177, the rule is well stated in the following language: "It does not need the citation of authorities to the proposition that judicial power can only be exercised according to law, and that an attempt by an unauthorized tribunal to render judgment involving life, liberty or property is a mere nullity. No man can be deprived of either without due process of law."

The question involved in the three cases above cited arose on the trial, but they illustrate the firmness of the rule that no person shall be deprived of life, liberty or property except by due process of law.

It seems that the reasoning in the Cancemi case, *supra,* holding a conviction fatally defective where the verdict of the jury was rendered by eleven jurors, one less than the legal number, and in the Shaw case, *supra,* where the disqualification was caused by one of the three necessary members

of the court retiring after the charge and before the verdict, must be recognized and considered.

The principle established in those cases and recognized in People v. Bork, 96 N. Y. 199, 2 N. Y. Crim. 177, cannot be disregarded. An indictment can only be found by due process of law.

The grand jury is considered a useful and important part of our judicial system. It is of Anglo-Saxon origin, dating back to an early period of English history. Crabb Eng. Law, 35; 4 Black Com. 302. For centuries it was regarded as one of the most prized safeguards of the citizen against the encroachments of governmental power. Time and altered conditions have wrought changes. The people have ceased to fear encroachments on their rights from the government. Now the great function of the grand jury is to protect innocent persons from unjust prosecution, to relieve timid complainants from responsibility and to indict upon production of proper evidence. The value of the grand jury is recognized and approved by the Constitutions and statutes of the United States and of most of our States.

An able and interesting discussion of the grand jury system is contained in *Ex parte* Bain, 121 U. S. 10, also 2 Sawy. 267.

The grand jury system enables the individual to institute criminal prosecutions against offenders without official sanction. The number of the grand jury being sufficiently large, and so distributed and selected as to furnish reasonable protection against malicious and unfounded prosecutions on the one hand, and yet able to bring to trial in the proper court persons charged with crime, on the production of legal evidence, to materially reduce the number of grand jurors would tend to impair the usefulness of the grand jury and lessen public confidence in the institution. It is a valuable safeguard and I believe ought to be preserved inviolate. To re-

duce the required number of grand jurors is a function of the legislative department of government and not a function of the judicial department.

The law wisely provides a certain number as a grand jury quorum, in this State sixteen, that number being necessary to transact any business. One of the most important parts of the business of the grand jury is the proper presentation of the indictments to the court. The presence of as large a number as sixteen, on that occasion, is an almost perfect guaranty against fraud and improper practices tending to suppress or to unjustly present an indictment. We cannot disregard the imperative words of section 224 of the Code of Criminal Procedure which requires the presence of at least sixteen members of the grand jury to transact any business. The clear language of that section is not limited, modified or restricted by any decision. Less than sixteen persons cannot constitute a legal grand jury.

The fact that eighteen grand jurors were duly summoned, sworn, heard the evidence, voted for the indictment; that the indictment was in due form, with the names of the witnesses thereon, signed by the district attorney and indorsed by the foreman, is not all that is necessary for a valid indictment. It is not valid and not found until legally presented to the court. It is the duty of each individual grand juror to see for himself that the work of the grand jury is completely and legally accomplished. This he does not do unless he is present and sees the indictment presented to the court by the foreman in the presence of the grand jury. An indictment is found when it is duly presented by the grand jury in open court and there received and filed. Code Crim. Pro., § 144; see also § 272; People v. Oishei, 20 Misc. Rep. 163; People v. Flarity, 110 N. Y. Supp. 154; People v. Blake, 121 App. Div. 615.

Applying the above definition, it seems the indictment in question was not legally found because less than sixteen grand

jurors were present in court at the time the indictment was presented. The indictment so found and presented has no more legal effect than if the grand jury had never returned to court.

If fifteen grand jurors can present the indictment to the court, why not ten? Why not five? Why not one? Why not send in the indictment by the foreman or district attorney?

It seems to me, therefore, that the presentation of the indictments to the court is a part of the business of the grand jury and of each member thereof; and, unless there be present at least sixteen grand jurors on the presentation of the indictment, it is not a valid indictment. The indictment in question was not found and presented according to law. It is, therefore, invalid, and must be dismissed.

An order may be entered dismissing the indictment without prejudice to a resubmission, and that this case be presented to the next grand jury held in Tompkins county.


Ordered accordingly.