LARRY WHITED *v.* STATE OF INDIANA.

[No. 270S32. Rehearing denied July 14, 1971.]

*Brent A. Barnhart, Kenneth G. Kern & Associates,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

ON PETITION FOR REHEARING

HUNTER, J.—We take the occasion of the filing of appellant's petition for rehearing to clarify our earlier opinion on this matter. As appellant points out his punishment as assessed by the Criminal Court of Marion County, Division One, on appeal from the Municipal Court of Marion County was a fine of Five Hundred Dollars ($500.00) and a jail sentence of one hundred eighty (180) days in the Marion County Jail. The fine and one hundred twenty (120) days of the jail sentence were suspended.

In affirming appellant's conviction we made reference to a fine of Fifty Dollars ($50.00) and a sentence of thirty (30) days in jail, the punishment imposed by the Municipal Court. We neglected, however, to point out the reason for imposition of the latter punishment instead of that rendered by the Crim-

inal Court. Our holding in that respect rests squarely upon the United States Supreme Court's decision in *North Carolina* v. *Pearce* (1969), 395 U. S. 711, and followed by this Court in *Eldridge* v. *State* (1971), 256 Ind. 113, 267 N. E. 2d 48 wherein by a unanimous court we said

". . . the threat or possibility of having a greater sentence imposed should not be a deterrent to the exercise of one's right of appeal." 256 Ind. at 115, 267 N. E. 2d at 48.

Therefore, to the extent that the acts of the Marion County Criminal Court served to impose a sentence greater than that imposed in the Municipal Court its decision is reversed and it is instructed to vacate that portion of its judgment in conflict herewith. In all other respects its judgment remains affirmed.

Arterburn, C.J., and Givan, J., concur; DeBruler and Prentice, JJ., vote to grant rehearing.

NOTE.—Reported in 271 N. E. 2d 513.