GUS ELDRIDGE *v*. STATE OF INDIANA.

[No. 369S43. Filed March 8, 1971.]

*Robert G. Mann, Bolden and Mann,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Aaron T. Jahr,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in magistrate's court of the crime of operating a motor vehicle without an operator's license. He was found guilty and fined $10.00 and costs. He appealed to criminal court, was there retried by the court and found guilty, fined $10.00 and costs and sentenced to six months in prison. He has appealed to this Court contending that it was a denial of due process for the criminal court, on appeal, to impose a sentence more severe than that imposed by the magistrate's court, inasmuch as there was no affirmative showing of the criminal court's reasoning therefor.

This case falls squarely under the case of *North Carolina* v. *Pearce* (1969), 395 U. S. 711, 23 L. Ed. 2d 656, wherein the United States Supreme Court said a court is "Without right to put a price upon an appeal. A defendant's exercise of a right of appeal must be free and unfettered. It is unfair to use the great power given to the court to determine sentence to place defendant in the dilemma of making an unfree choice."

The State would distinguish the case at bar from *North Carolina* v. *Pearce* upon the premise that in Indiana, appeals

from Justice of the Peace Courts and Magistrate Courts are tried de novo in all respects, and cites the case of *Peelle* v. *State* (1903), 161 Ind. 378, 68 N. E. 682, wherein this Court held that a criminal court is not limited to assessing the punishment imposed by the magistrate's court. We fail to see, however, where the de novo aspect of the trial in criminal court has any bearing upon the logic of the *Pearce* case which is simply that the threat or possibility of having a greater sentence imposed should not be a deterrent to the exercise of one's right of appeal. There is no difference between the proceedings in a retrial obtained by order of this Court on appeal and those of a retrial in criminal or circuit court obtained by exercise of a statutory right to appeal from a magistrate or justice of the peace court. In both instances the retrial is do novo, and our decision in the case of *Peelle* v. *State* can no longer stand in the light of *North Carolina* v. *Pearce.*

This cause is remanded to the trial court with instructions to vacate that portion of the judgment imposing the jail sentence.

Arterburn, C.J. and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 48.