LEO ANDERSON *v.* STATE OF INDIANA.

[No. 1-972A63. Filed March 8, 1973.]

*James W. Pendland,* of Mitchell, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant was charged by affidavit and convicted by the Bedford City Court of Disorderly Conduct. He was fined $25.00 and sentenced to the Indiana State Farm for 180 days, 90 days of which was suspended, conditioned on his good behavior. He appealed to the Lawrence Circuit Court, was tried *de novo* by jury and again convicted.

The jury fixed his punishment at a fine of $350.00 and added a sentence of 180 days on the State Farm.

The sole issue now raised by appellant is whether the sen-

tence was contrary to law since it was more severe than the punishment meted out by the City Court.

The State cites *Peelle* v. *State* (1903), 161 Ind. 378, 68 N.E. 682, as authority for the proposition that a circuit court may impose a harsher sentence than did an inferior court, upon an appeal to that circuit court and a trial *de novo*. Although *Peelle* stands for that proposition, it was specifically overruled in *Eldridge* v. *State* (1971), 256 Ind. 113, 267 N.E.2d 48. In *Eldridge*, the Supreme Court, relying on *North Carolina* v. *Pearce* (1969), 395 U.S. 711, stated:

> "The State would distinguish the case at bar from North Carolina v. Pearce upon the premise that in Indiana, appeals from Justice of the Peace Courts and Magistrate Courts are tried de novo in all respects, and cites the case of Peelle v. State [Citation omitted.] wherein this Court held that a criminal court is not limited to assessing the punishment imposed by the magistrate's court. We fail to see, however, where the de novo aspect of the trial in criminal court has any bearing upon the logic of the *Pearce* case which is simply that the threat or possibility of having a greater sentence imposed should not be a deterrent to the exercise of one's right of appeal."
>
> \* \* \*
>
> ". . . our decision in the case of Peelle v. State can no longer stand in the light of North Carolina v. Pearce."

*Peelle* was specifically overruled March 8, 1971, some 19 months prior to the filing of the briefs in the case at bar.

Our Supreme Court reiterated its position regarding this issue in its opinion denying a rehearing in *Whited* v. *State* (1971), 256 Ind. 618, 271 N.E.2d 513, saying:

> "As appellant points out his punishment as assessed by the Criminal Court of Marion County, Division One, on appeal from the Municipal Court of Marion County was a fine of Five Hundred Dollars ($500.00) and a jail sentence of one hundred eighty (180) days in the Marion County Jail. The fine and one hundred twenty (120) days of the jail sentence were suspended.
>
> "In affirming appellant's conviction we made reference to a fine of Fifty Dollars ($50.00) and a sentence of thirty (30)

days in jail, the punishment imposed by the Municipal Court."

* * *

". . . to the extent that the acts of the Marion County Criminal Court served to impose a sentence greater than imposed in the Municipal Court its decision is reversed . . ."

In light of these two decisions, this cause is remanded to the trial court with instructions to vacate that portion of the fine and imprisonment which exceeds that meted out by the Bedford City Court. In all other respects, this judgment is affirmed.

Robertson, P.J. and Lowdermilk, J., concur.