## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kayniece B. Davis,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 30, 2016

Court of Appeals Case No.
79A02-1511-CR-1911

Appeal from the Tippecanoe
Superior Court

The Honorable Laura Zeman,
Judge

Trial Court Cause No.
79D04-1306-CM-398

**May, Judge.**

[1] Kayniece B. Davis challenges the sufficiency of evidence supporting her conviction of Class B Misdemeanor public intoxication.[1] We affirm.

# Facts and Procedural History

[2] On May 1, 2013, Davis called the police to report an intruder was attempting to enter her home. Lafayette Police Department Officers Jacob Daubenmier and William Meluch responded. When the officers arrived, Davis became "irate," (Tr. at 20), and began "yelling that she didn't need [the officers'] help, she'll take care of it herself[.]" (*Id*. at 5.) "Yelling and cursing," (*id*. at 5), she left her home and started walking down the street, saying, "[S]he'll take care of it; she'll go get him[.]" (*Id*. at 6.) Officer Daubenmier was concerned at this point because he had arrested her previously for stabbing another person.

[3] Officer Daubenmier noted an "odor of alcoholic beverage on her exhaled breath." (*Id*.) He also noticed Davis "had watery, bloodshot eyes; her balance was really poor." (*Id*.) Officer Meluch could hear Davis yelling at Officer Daubenmier from "half a block if not further away[.]" (*Id*. at 16.) Officer Meluch also noted Davis' "eyes were watery and bloodshot[.]" (*Id*. at 17.) He "noted the odor of an alcoholic beverage and . . . that she was unsteady on her feet." (*Id*.)

---

[1] Ind. Code § 7.1-5-1-3 (2012).

[4]     Davis' friend arrived on the scene to help calm her down, but he was unsuccessful, telling the officers: "he didn't think he could get her under control." (*Id*. at 7.) The officers arrested Davis and she fought their attempt to place her in handcuffs. The State charged her with public intoxication for being intoxicated in a public place and "breach[ing] the peace or [being] in imminent danger of doing so [or] harass[ing], annoy[ing] or alarm[ing] another person." (App. at 9.)

[5]     At trial, Davis argued she had only consumed one alcoholic beverage, was upset because of the intruder, and was "irate, because as soon as [the officer] pulled up he was you know, referring back to that – we - - (inaudible) - - our last, our last, our last – the last time I seen him basically which was when he was arrested [sic] me for the stabbing[.]" (Tr. at 20.) The trial court found her guilty and stated: "Her intoxication caused her actions; her anger caused her actions but anger does not cause you to be unsteady on your feet[.]" (*Id*. at 30.)

# Discussion and Decision

[6]     The State presented sufficient evidence to sustain Davis' conviction. When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied.* The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the

evidence is sufficient. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

[7] The public intoxication statute provides four conditions by which a person may be convicted of the crime. Davis was charged with only two of these: "breaches the peace" or "harasses, annoys, or alarms another person." Ind. Code § 7.1-5-1-3(a)(3&4). She asserts the State did not present sufficient evidence to prove she committed the sections of the statute with which she was charged.[2] To convict Davis of public intoxication as charged, the State had to prove she was intoxicated in a public place and "breach[ed] the peace or [was] in imminent danger of breaching the peace; or harasse[d], annoy[ed], or alarm[ed] another person." Ind. Code § 7.1-5-1-3(a)(3&4).[3] To prove Davis breached the peace, the State had to prove she violated "public peace, order or decorum." *State v. Hart*, 669 N.E.2d 762, 764 (Ind. Ct. App. 1996). "It is a violation or disturbance of the public tranquility or order and includes breaking or

---

[2] A person may also be convicted of public intoxication if, while intoxicated in a public place, she endangers a person's life. Davis asserts the State proved only endangerment, with which she was not charged. As the evidence was sufficient to convict her of the offense as charged, we need not address endangerment.

[3] On appeal, Davis does not claim she was not intoxicated in a public place.

disturbing the public peace by any riotous, forceful, or unlawful proceedings."
*Id.*

[8] Davis was yelling in the middle of the night as she walked down the middle of the street. She was stating she would "go get him[.]" (Tr. at 6.) The officers believed her statement evidenced an intent to find the alleged intruder and commit violence against him. When approached by her friend, she still would not calm down. Davis admitted she was "irate" with one of the officers because "he immediately started speaking on my past which is the stabbing I did – I had no respect for him after that because he had none for me." (*Id.* at 20.)

[9] Screaming in the street in the middle of the night and threatening violence can be a breach of the peace. *See Williams v. State*, 989 N.E.2d 366, 371 (Ind. Ct. App. 2013) (defendant's state of intoxication together with his belligerence towards police officers was sufficient for the trial court to find he had breached the peace). Davis' arguments in her Reply Brief that her statements did not indicate violence toward anyone or that the violence was not imminent are invitations to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh evidence on appeal.) Nor was the State required, as Davis suggests, to prove she had in fact disturbed any specific neighbor's peace. *See Whited v. State*, 256 Ind. 386, 389, 269 N.E.2d 149, 151 (1971) (proof of a crowd gathering is not requisite to a conviction for breach of peace), *opinion clarified on other grounds*, 256 Ind. 618, 271 N.E.2d 513

(1971). For all these reasons, we affirm Davis' conviction of public intoxication.

## Conclusion

[10] As the State presented sufficient evidence to support the conviction as charged, we affirm.

[11] Affirmed.


Baker, J., and Brown, J., concur.